ALGREN WATCH FINDINGS CO., Inc.
v. KALINSKY et al.

No. 227, Docket 22275.

United States Court of Appeals
Second Circuit.

Argued April 16, 1952.

Decided May 27, 1952.

Judgment affirmed.

Emanuel R. Posnack, New York City, for plaintiff-appellant.

Russell E. Schlorff, New York City, for defendant-respondent.

Before SWAN, Chief Judge, and AUGUSTUS N. HAND and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff, Algren Watch Findings Co., Inc., is the present owner of United States Patent No. 2,053,841 which was issued on September 8, 1936, for an invention consisting of a method of making from wire stock a watch strap buckle frame having inside right-angle corners. The application for the patent, which was filed February 8, 1936, outlines the method of making the buckle frame in three steps as follows: the round wire stock is bent into a bow-legged U shape; the frame is then placed in a die and swedged causing the buckle to be flattened and to take its final form having right-angle inside corners; and finally, the corners of the ends are clipped so that the ends are rounded rather than square. The plaintiff and its predecessor Algren Manufacturing Co., Inc., designated the buckle produced by the patented method as the No. 800 and manufactured about $1,000,000 worth of No. 800 buckles since the discovery of this method. The complaint in this action charged the defendant with infringement of the patent by use of the method and also charged him with unfairly competing with Algren by his unauthorized use of the process to manufacture and sell buckle frames having the same distinctive design as those of Algren. The

answer challenged the validity of the patent on several grounds among which was the plaintiff's public use of the patented method for more than two years prior to the filing of the patent application.[1] This defense was upheld by the district court which found that the method had been commercially utilized by the plaintiff for at least four years before the application was filed. The court also found no evidence of unfair competition although it dismissed that claim for lack of jurisdiction, and awarded the defendant $2,500 counsel fees.

The process of making buckle frames from wire stock by shaping and swedging was well known at the time the plaintiff's application for the patent in suit was filed. See, e.g., U. S. Patent No. 1,-543,644 granted June 23, 1925, to Art Hadley. The improvement over the prior art claimed by the plaintiff for its discovery is simply this: under its method the wire stock is bent so that the angle between the base of the U and each of its sides is greater than 90 degrees (the bow-legged U shape referred to above) whereas the earlier method had been to bend the wire stock so as to produce as nearly as possible the right-angle U shape before the swedging operation. When the bow-legged U shaped frame is placed in a die and swedged, the metal flows inward and produces the desired right-angle inside corners. We cannot see any invention involved in such a slight variance from prior art. If the trifling change had any practical advantage over what went before it was certainly within the competence of a skilled mechanic and did not rise to the requirements of invention. We are also satisfied that the district court was correct in holding the patent invalid because the method had been in public use by the plaintiff for more than two years prior to February 8, 1936. The plaintiff's president, Charles Greenberg, stated in an affidavit sworn to on November 24, 1936, and submitted during the course of a different litigation involving the same patent that 74,296 buckles had been manufactured by use of the patented method and sold by the plaintiff's predecessor in 1933. It is true that this figure was accompanied by a footnote which stated that the "buckles sold were still in the experimental stage." But Ross, who had been a partner of the inventor Kainen, and who had worked with Kainen during the period when the process was developed, testified that there was hardly any experimentation conducted and that certainly there was never any need of manufacturing more than a few buckles to determine whether or not the process was successful. According to Ross, the No. 800 buckle was manufactured considerably before 1933 and it would seem to be implicit in this testimony that he and Kainen were using the same process which was later patented. In fact, he testified that there never was any thought of obtaining a patent until the early part of 1936 when a former customer stopped purchasing from them and began to manufacture his own No. 800 buckles. The district court gave weight to Ross's testimony and we are unable to say that its reliance thereon was misplaced. Under the facts thus disclosed, the manufacture and sale of more than 74,000 buckles indicated a commercial rather than an experimental use in 1933 and the patent was therefore invalid. Smith & Griggs Mfg. Co. v. Sprague, 123 U. S. 249, 8 S.Ct. 122, 31 L.Ed. 141; Aerovox Corp. v. Polymet Mfg. Corp., 2 Cir., 67 F.2d 860.

We find no error in the dismissal of the plaintiff's claim for unfair competition. At best that charge amounted to nothing more than that the defendant manufactured a buckle similar in design to that of the plaintiff. We cannot see that that act of unfair competition was in any way related to the claim for infringement of the process patent, see 28 U.S.C.A. § 1338(b); and therefore are of the opinion that the

1. See 29 Stat. 692, amending R.S. § 4886: "Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof * * * not in public use or on sale in this country for more than two years prior to his application * * * may * * * obtain a patent therefor." The prior use period was changed to one year in 1939, see 35 U.S.C.A. § 31, 53 Stat. 1212.

trial court properly dismissed the former claim for want of jurisdiction. Moreover, the plaintiff concedes that it has no patent on the buckle itself, and it is quite well settled that the copying of an unpatented design does not *per se* constitute unfair competition. General Time Instruments Corp. v. United States Time Corp., 2 Cir., 165 F.2d 853, 854. The record contains no evidence to support an assertion that the defendant attempted to palm off his buckle as the plaintiff's, likewise the plaintiff failed to prove any secondary meaning for a buckle having square inside corners and an anti-chafing bar in back.

 Finally, the plaintiff attacks the district court's award of attorney's fees to the defendant. However, such an award is clearly discretionary, 35 U.S.C.A. § 70, and we cannot see that the trial court abused its discretion in making the award. The deficiency of the proof which the plaintiff offered at the trial could well have been taken as an indication of bad faith especially when considered along with the fact that it failed to call the inventor as a witness when it had become quite apparent that his testimony was essential to support its case.

Judgment affirmed.

FRANK, Circuit Judge (concurring).

I concur in all respects except as to the lack of jurisdiction of the claim for unfair competition; on that point, I have considerable doubt.