**AMCO ENGINEERING COMPANY,**
**Plaintiff,**

v.

**BUD RADIO, INC., Defendant.**
**Civ. A. No. C 62–191.**

United States District Court
N. D. Ohio, E. D.

March 11, 1965.

Arter, Hadden, Wykoff & Van Duzer, Joseph A. Rotolo and Thomas V. Koykka, Cleveland, Ohio, of counsel, Jack E. Dominik, Chicago, Ill., for plaintiff.

M. Alfred Roemisch, Roemisch & Wright, and Arthur L. Cain, Cleveland, Ohio, for defendant.

GREEN, District Judge.

This action was brought by plaintiff, Amco Engineering Company, on February 12, 1962 for alleged patent infringement of U. S. Patent 2,991,140 by the defendant, Bud Radio, Inc. The accused device is known as the Series 60 Electronic Instrument Enclosure, manufactured by Bud Radio, Inc.

On September 28, 1962 an amended complaint was filed, adding a second count, alleging unfair competition by defendant arising from the defendant's copying of plaintiff's product.

The file in this case is rather voluminous, extensive discovery having been

had between the parties. On January 21, 1964 counsel for both parties signed a request for trial in accordance with Local Rule 6B of this District Court.

There are now two motions pending, both filed by plaintiff:

1) Plaintiff's Motion Pursuant to Federal Rules of Civil Procedure 19, 20 and 21 to Join as Parties Defendant A. N. Haas, Radio and Electronics Parts Corporation and Cadillac Fabricating Company.

2) Plaintiff's Request for Directions that Alvin N. Haas Answer Questions Relating to the Development of the Accused Series 60 Cabinets.

Although the first motion is denominated as one to add new parties defendant, plaintiff in the body of the motion seeks leave to amend its complaint, and it is evident from a reading of the brief in support of the motion that substantial new allegations will have to be added to the complaint in support of the claims against the proposed new parties.

In support of its motion to join the additional parties defendant, plaintiff, in its brief, asserts the following alleged facts.

Mr. A. N. Haas is the President of defendant Bud Radio, Inc., which is primarily a manufacturing corporation. He is also the treasurer of Radio and Electronic Parts Corporation, which is primarily a merchandising corporation.

Cadillac Fabricating Company has been merged into defendant Bud Radio, Inc. Prior to the merger, Mr. Haas was an officer of Cadillac.

Plaintiff contends that on or about August 26, 1959, Radio and Electronic Parts Corporation purchased one of plaintiff's cabinets and resold it at no profit, or a loss, to defendant Bud Radio, Inc. Plaintiff states that this was done before defendant commenced manufacturing the accused device. Plaintiff also alleges that Radio and Electronic Parts Corporation is a seller of the accused device.

Plaintiff further states that Cadillac built the accused device prior to the merger with Bud, and asserts that Mr. Haas, President of Bud, Treasurer of Radio and Electronic Parts Corporation, and former President of Cadillac, was responsible for the entire chain of events leading up to the present litigation.

Plaintiff does not contend that the proposed additional parties defendant are indispensable parties to this litigation, Rule 19(a) F.R.Civ.P., but is obviously proceeding under the permissive joinder of proper or necessary parties, Rules 19 (b), 20(a) and 21, F.R.C.P.

Plaintiff admits that no controlling authorities directly in point have been found.

Plaintiff relies, however, on cases that have held individuals liable for patent infringement or unfair competition as the "guiding spirit" behind the direct infringer, in arguing the motion as to Mr. Haas.

As regards Radio and Electronic Parts Corporation, plaintiff asserts that it is a contributory infringer, in that it sells the Series 60 cabinets, and is therefore liable in damages.

Cadillac's liability is predicated upon its pre-merger manufacture of the accused device.

In opposition to this motion, defendant strenuously argues that it is not timely made, and also contravenes certain of the statements of alleged facts as set out by plaintiff.

Defendant denies that Radio and Electronic Parts Corporation purchased one of plaintiff's cabinets. Defendant states that the item purchased was a bare FX–21 frame, lacking all other cabinet parts. Defendant states that this purchase was made before the patent in suit was issued.

Defendant further argues that there is nothing in the discovery proceedings to support the claim that Mr. Haas acted in an individual capacity, as distinguished from his functions as a corporate officer, so as to subject himself to personal liability.

Defendant also contends that it is fully financially able to respond in damages for any recovery which plaintiff may have in this action.

Defendant states generally, however, that all the alleged facts in support of the motion to add new parties defendant were known long ago to plaintiff, and that to bring in new parties at this time would unduly delay resolution of the presently pending controversy.

■ Plaintiff argues that if the facts sought to be added to the complaint had been pleaded against the proposed new parties at the outset, they would have been sufficient to withstand a motion to dismiss. That, however, is not the sole test in seeking to amend a complaint and add new parties defendant. There are many factors to be considered, and timeliness of such a motion is one of the important ones, McHenry v. Ford Motor Co., 269 F.2d 18 (CA 6, 1959); 3 Moore's Federal Practice § 15.08[4].

■ The Court is of the opinion that this motion must be denied as not timely made. The case is over three years old, and more than a year has elapsed since the filing of the request for trial.

The trial of a patent action is often enough a complex one, without the interjection of extraneous issues. To add Mr. Haas as a party defendant would introduce a new factual question into this case, the degree of his personal involvement. It appears pointless to add Cadillac, which is now merged with the defendant Bud. Radio and Electronic Parts Corporation is said to be a contributory infringer by reason of sales, but the pending action is for recovery for manufacture of the accused device against the highly solvent alleged direct infringer.

In this Court's opinion, to permit the proposed amendment of the complaint and addition of new parties would unduly delay the trial of this action. An extended pleading battle was fought by the parties over the original complaint, and from what appears in the briefs it is probable that a repeat of that encounter would ensue were this motion granted. In addition, new and further discovery, which should by now have been completed, is certain to develop.

On the balancing of the competing interests and considerations pertinent herein, the Court believes that the motion to add new parties defendant must be denied. Cf., Rodeheaver v. Sears, Roebuck and Company, 34 F.R.D. 488 (D.C. N.D.Ohio, 1964).

Turning to the second motion, it appears that in the course of a deposition of Mr. Haas, counsel for plaintiff commenced to ask the witness questions concerning the independent development of the accused device. Counsel for Mr. Haas instructed him not to answer such questions.

This same problem arose during the deposition of Mr. Edwin V. Anderson. The motion, however, is directed only to Mr. Haas. The ruling to be entered herein will also apply to the Anderson deposition, should the issue still be pending therein.

Counsel for defendant contends that the questions not answered by Mr. Haas were irrelevant to the issues of this action. Both sides have cited and argued decided authorities on the proposition of whether the questions were relevant.

■ The rule which controls in this court is that in a discovery deposition the witness shall answer all questions propounded, unless the line of questioning constituted harassment, invades some privilege or is unquestionably beyond the scope of the issues of the lawsuit, and that questions of relevancy or materiality are to be determined by the trial court. Al Monzo Const. Co. v. City of Warren,

54

Civil Action No. 37057, Kalbfleisch, J., December 21, 1961.

The Court has examined the questions propounded to Mr. Haas, and has reviewed the arguments of counsel relative thereto, and concludes that under the test of the Monzo case answers should be made thereto.

Plaintiff's motion to join new parties defendant is denied. Plaintiff's motion to require answers by Mr. Haas is granted.