**CONTINENTAL GIN COMPANY,**
**Plaintiff,**

v.

**John H. FREEMAN, Jr., d/b/a Freeman**
**Electric Gin Company, Defendant.**

**No. GC6415.**

United States District Court
N. D. Mississippi,
Greenville Division.

Dec. 22, 1965.

See also D.C., 237 F.Supp. 240.

Charles Clark, Cox, Dunn & Clark, Jackson, Miss., Cohen, Kohler & Barnwell, Atlanta, Ga., for plaintiff.

J. Dudley Buford, Jackson, Miss., John C. Satterfield, Yazoo City, Miss., Norman Brewer, Greenwood, Miss., for defendant.

CLAYTON, District Judge.

The complaint in this case was filed April 11, 1964. Within the time as extended, the defendant served his answer and counterclaim on the 3rd day of June, 1964. Answer to the counterclaim was filed June 22, 1964, and defendant's discovery deposition was taken June 23, 1964. Although the pleadings were then settled, the case was not set for trial at the October 1964 Term of this court since it was not reached. On September 19, 1964, plaintiff served a motion for judgment on the pleadings, or, in the alternative, for summary judgment. On October 12, 1964, defendant also moved for summary judgment. These motions were based on the pleadings as they then existed, on the aforementioned deposition of defendant and on other evidential materials. These motions were submitted on briefs and on January 2, 1965, defendant's motion was denied and overruled and plaintiff's alternative motion for summary judgment was sustained. The only matters not disposed of by this action were the amount of a reasonable attorneys fee as to the claim made in count one of the complaint and certain items of an account stated in the second count of the complaint which were, on the materials furnished, in dispute. These matters were reserved for later disposition.

By its aforementioned action of January 2, 1965, the court substantially disposed of the case. The reserved matters were comparatively minor.

Again the case was not reached for setting at the February 1965 Term of this court. Immediately before the next term, which was scheduled for October 1965, defendant moved to set aside or re-

## 352

open the summary judgment to such an extent as would permit defendant to amend his answer and counterclaim and simultaneously moved to amend his answer and counterclaim to advance, for the first time, an entirely new theory of his case. In substance, this proposal is that defendant be permitted, apparently on exactly the same evidence, to allege that certain oral statements made by agents of plaintiff before the written contract which is the subject of the cause of action stated in count one of the complaint, was executed amounted to fraud and that thus defendant was induced by this claimed fraud to sign said contract. Additionally, the amendment proposed would seek recovery for three separate categories of claimed faulty and defective parts and equipment furnished under the written order contract. In short, defendant seeks to recover from plaintiff on the contract or, alternatively, to have the very same contract declared void by reason of fraud.

Plaintiff has filed written opposition to the relief sought by defendant, and these matters are before the court on briefs of the parties.

■ It is well recognized that federal courts are admonished by Rule 15, Federal Rules of Civil Procedure, to give leave to amend pleadings freely when justice so requires. But, except in the earliest stages of pleading, every amendment is addressed to the sound discretion of the court. In Hall v. National Supply Company, 270 F.2d 379 (5th Cir. 1959), the Court of Appeals quoted with approval from 3 Moore, Federal Practice ¶ 15.08, at 833 (2d Ed. 1953), as follows:

> Allowance of amendments lies in the discretion of the trial court, and refusal to permit amendment is not subject to review on appeal except for abuse of discretion.

In a footnote to that opinion the court collected the prior cases from that court supporting this quotation.

Defendant places principal reliance on the case of Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In that case, the district court entered an order dismissing the complaint for failure to state a claim upon which relief might be granted, holding that the complaint alleged an oral agreement which was unenforceable under the applicable state statute of frauds. Thereafter plaintiff filed a motion to vacate the judgment and to amend the complaint so as to assert a right of recovery in quantum meruit for performance of the obligations which were the consideration for the assertedly unenforceable oral contract. The district court denied the motion, and on appeal, the court of appeals affirmed. 1 Cir., 292 F.2d 85. Certiorari was granted by the Supreme Court, 368 U.S. 951, 82 S.Ct. 396, 7 L.Ed.2d 385, and the case was there reversed. It must be noted, however, that the Supreme Court carefully pointed out that the action of the district court was taken *without specifying any justifying reason.*

In the case here, after the completion of all pleadings, *both parties* moved the court for summary judgment on the basis of what both parties asserted were undisputed facts. Notably none of defendant's pleadings affirmatively set forth any defense of fraud. Rule 8(c), Federal Rules of Civil Procedure. And it could be said that defendant waived his right to plead fraud. Rule 12(h), Federal Rules of Civil Procedure. And it was only after receiving an unsatisfactory ruling that defendant moved for leave to incorporate this mandatory or affirmative defense. This was approximately 18 months after complaint was filed in this court and approximately nine months after this court's action in granting summary judgment against defendant as aforementioned.

■ Considering all the facts and circumstances in the record before this court, no sound reason can be found for permitting defendant at this late date to completely change his position. This is especially so since, with respect to the

claim of fraud, no new facts are alleged, but reliance is placed by defendant on exactly the same evidential material which was presented to the court for its consideration in connection with the aforementioned motions for summary judgment.

In the exercise of its discretion, this court should and will deny and overrule defendant's motion. Whelan v. New Mexico Western Oil and Gas Company, 226 F.2d 156, 161 (10th Cir. 1955). See also Systems, Inc. v. Bridge Electronics Co., 335 F.2d 465 (3rd Cir. 1964).

An order will be entered in accordance with the foregoing.