**JENN–AIR PRODUCTS CO., Inc.**

v.

**PENN VENTILATOR, INC.**

**Civ. A. No. 38930.**

United States District Court
E. D. Pennsylvania.

April 29, 1968.

K. Robert Conrad, Philadelphia, Pa., for plaintiff.

Jacob Trachtman, Philadelphia, Pa., for defendant.

## OPINION

MASTERSON, District Judge.

Plaintiff, Jenn-Air Products Co., Inc., instituted this action on January 18, 1965 in the District Court for the Northern District of Indiana, alleging infringement by the defendant of its patent United States Letters Patent Number 3,110,357. The suit was transferred to this Court on September 23, 1965, and, several months later, plaintiff added a claim for infringement of another of its patents, United States Letters Patent Number 3,085,647, to the suit. Original and exclusive jurisdiction of this action exists here pursuant to Title 28 U.S.C.A. § 1338, and venue is properly established pursuant to Title 28 U.S.C.A. § 1400.

Plaintiff currently moves to amend and supplement its complaint a second time under Rule 15 of the Federal Rules of Civil Procedure. (Although the plaintiff's motion is a motion to amend *and* supplement, it can be treated simply as a motion to amend.) Plaintiff seeks to make a number of amendments to its original complaint and the defendant has opposed all of them. The plaintiff has argued preliminarily that certain of defendant's contentions, such as an argument relating to the statute of limita-

tions, are affirmative defenses, and are not raised properly as objections to the motion to amend. In view of both the complexity of the issues involved in certain of defendant's affirmative defenses and the early pre-trial stages at which this case is, the Court will not consider at this time the affirmative defenses raised by the defendant.

Plaintiff's motion may be clarified by categorizing the requested amendments and considering them seriatim. Basically plaintiff wishes to make three amendments:

(1) inclusion of a new cause of action charging the defendant with infringement of two additional patents, United States Letters Patent Numbers 2,548,607 and 2,784,661;

(2) inclusion of a claim charging the defendant with unfair competition; and

(3) inclusion of two claims charging the defendant with libel, libel per se, and trade disparagement (hereinafter referred to as the libel claims).

For reasons discussed below, plaintiff's motion to amend is granted in its entirety.

*Claims for Patent Infringement:*

Plaintiff seeks to charge defendant with infringement of two additional patents, United States Letters Patent Numbers 2,548,607 and 2,784,661. See ¶s 4, 5, 8, 9, 10, 11, 12 and 13 of plaintiff's proposed amended complaint. These patents were issued respectively on April 10, 1951, and March 12, 1957. Plaintiff has not, until this time, asserted any claim against the defendant for infringement of these patents. Accordingly, defendant opposes this part of the amendment on the basis that the plaintiff is barred by estoppel and laches, and that addition of these claims to the action will prejudice him by complicating and delaying final determination of the action.

Federal Rule 15(a) is generally applied liberally, even when the amendment adds an entirely new cause of action. See Cunningham v. Jaffe, 37

F.R.D. 431, 436 (W.D.S.C., Greenville Division, 1965), and, generally, Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L. Ed.2d 222 (1962). See also, Moore, supra, Volume 3, ¶ 15.08 [2] and cases cited therein. Leave of court is necessary, however, when the motion to amend is made, as here, more than twenty days after the service of a responsive pleading, and leave will be denied when the amendments are considered to be prejudicial to the opposing party or to have been interposed for reasons of delay. See, Harvey v. Eimco, 32 F.R.D. 598, 599 (E.D.Pa., 1963), and Friedman v. Transamerica Corp., 5 F.R.D. 115 (D.C.Del., 1946).

■ Although plaintiff has not explained why he has delayed so long in bringing these causes of action, such delay itself will not serve as a basis for denying his motion unless the defendant is prejudiced. See, Coopersmith Bros., Inc. v. Stefko, 30 F.R.D. 1, 2 (E.D.Pa., 1962), and Moore, supra, ¶ 14.08 [4], p. 901. Moreover, such prejudice ordinarily is not considered to have occurred unless the motion is made during or after the actual trial. See e. g., Amco Engineering Co. v. Bud Radio, Inc., 38 F.R.D. 51, 53 (N.D.Ohio, E.D.1965); Continental Gin Company v. Freeman, 39 F.R.D. 351, 352 (N.D.Miss., Greenville Division, 1965); Heilig v. Studebaker Corp., 347 F.2d 686, 690 (C.A. 10, 1965).

■ In view of the fact that trial of this case is at least several months away and discovery procedures are just starting, granting of this part of plaintiff's motion to amend will not unduly prejudice the defendant. Since these patents are related to those already involved in the case defendant was doubtless aware of the likelihood of this amendment and can adequately prepare his defense to these new claims before the case is scheduled for trial. Moreover, if plaintiff's motion were denied here a separate action against the defendant could be instituted, and, in the absence of creating undue complications at trial, it is clearly preferable to dispose of all the contentions between these parties in one proceeding.

■ Although defendant may have a good affirmative defense to these infringement actions based upon the doctrine of estoppel and laches, this can only be determined after the trial on the merits because such defenses must be based upon factual findings relating to the time when plaintiff first learned of defendant's activities. See generally, Holman v. Oil Well Supply Co., 83 F.2d 538 (C.A. 3, 1936); Skinner v. Aluminum Co. of America, 105 F.Supp. 635 (W.D.Pa., 1952).

*Claim of Unfair Competition:*

Plaintiff moves to amend its complaint to include a charge of unfair competition by the defendant arising from both its alleged acts of infringement and from its pattern of copying and duplication of plaintiff's products. See ¶s 20 and 31 of proposed complaint. The defendant opposes this aspect of the amendment on a number of grounds.

■ One clear limitation upon granting Rule 15 motions is that granting such amendments should not serve to enlarge federal jurisdiction. See, Falls Industries, Inc. v. Consolidated Chemical Indus., Inc., 258 F.2d 277, 285–286 (C.A. 5, 1958). The defendant contends generally that the plaintiff should not be able by amendment to receive a hearing in federal court of matters which would not be subject to original jurisdiction here. He claims that federal jurisdiction does not extend to the unfair competition claim because this claim refers to non-patented, as well as patented, products of the plaintiff.

■ It is clear that this Court does have jurisdiction, pursuant to Title 28 U.S.C.A. § 1338(b), of at least that part of the unfair competition claim which relates to the patents at issue:

"(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial

and related claim under the copyright, patent or trade-mark laws."

The statutory requirement is merely that the principal related claim be "substantial", which has been construed to mean that the patent claim need only be not frivolous or contrary to controlling law, See O'Brien v. Westinghouse Electric Corporation, 293 F.2d 1, 11–13 (C.A. 3, 1961), and these patent claims clearly satisfy that standard.

Defendant, however, has cited authority for dismissing that part of plaintiff's claim which is related to nonpatented products. See, Algren Watch Findings Co. v. Kalinsky, 197 F.2d 69, 71–72 (C. A. 2, 1952); Hook v. Hook and Ackerman, Inc., 233 F.2d 180, 183 (C.A. 3, 1956); Darsyn Laboratories v. Lenox Laboratories, 120 F.Supp. 42, 53–54 (D. C.N.J., 1954). Dismissal of such unrelated claims does serve the positive policy interest of precluding litigants' use of a " * * * collusive back door approach to the federal court". O'Brien, supra, 293 F.2d at 11.

The distinction among plaintiff's unfair competition claims which the defendant advances is difficult to apply here because, unlike the situation in Darsyn, supra, for example, the plaintiff has commingled all his claims of unfair competition. Moreover, these problems need not even be considered because it is clear that this Court has the power to adjudicate the entire unfair competition claim pursuant to the doctrine of pendent jurisdiction. See, Hurn v. Oursler, 289 U.S. 238, 243, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), and United Mine Workers of America v. Gibbs, 383 U.S. 715, 83 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Codification of this doctrine in Title 28 U.S.C.A. § 1338(b) was in no way intended to limit this Court's general jurisdictional powers. See, Strachman v. Palmer, 177 F.2d 427, 432, 12 A.L.R.2d 687 (C.A.1, concurring opinion of Magruder, 1949). Thus, although part of plaintiff's unfair competition claim might not be such as to satisfy the terms of Title 28 U.S.C.A. § 1338(b), there is still federal jurisdiction over this claim which shares a common nucleus of operative fact with the federal claim and would ordinarily be tried in the same judicial proceeding. See, United Mine Workers, supra, 383 U. S. at p. 725, 83 S.Ct. 1130. Finally, there is federal jurisdiction over this claim and all other claims between these parties pursuant to Title 28 U.S.C.A. § 1332 because there exists diversity of citizenship between the parties and each claim is in excess of the statutory amount.

Defendant next contends that the claim for unfair competition should not be added to this suit because plaintiff has failed to allege "passing off" and thus his claim of unfair competition does not state a cause of action upon which relief can be granted. The law generally is that this element is a necessary one in proving unfair competition. See, Kawneer Co. v. McHugh et al., 51 F.2d 560 (M.D.Pa., 1931); General Time Instr. Corp. v. United States Time Corp., 165 F.2d 853 (C.A.2, 1948); and Metropolis Bending Co. v. Brandwen, 8 F.R.D. 296 (M.D.Pa., 1948). The plaintiff, however, has generally, throughout ¶s 20 to 31 of his proposed complaint, recited facts which implicitly support an allegation of passing off. Moreover, the rule applied in this Circuit permits an amendment, regardless of its legal insufficiency, as long as it is not frivolous. See, Harvey v. Eimco, supra, 32 F.R.D. at 599, and Gunnip v. Warner, 43 F.R.D. 365, 367 (E.D.Pa., 1968).

That part of plaintiff's pleading which relates to the claim of unfair competition is consistent with the liberal and functional pleading rules established by Rule 8 of the Federal Rules of Civil Procedure. If the defendant, however, believes that the pleadings are so vague that he can not reasonably file a responsive pleading he may move for a more definite statement, pursuant to Rule 12 (e), or the plaintiff, of his own choice, may elucidate these claims. (Either action would also resolve defendant's contention that plaintiff has failed to comply with Rule 10(b)'s mandate that each claim founded upon a separate transac-

tion shall be stated in a separate count.) The defendant's contention regarding legal sufficiency could be raised by a motion to dismiss under Rule 12(b) (6), at which time the parties can deal with these considerations more thoroughly.

For all of the reasons discussed above that portion of plaintiff's motion to amend which relates to a claim of unfair competition will be granted. This conclusion is sensible in view of the likelihood that plaintiff would institute an independent action charging defendant with unfair competition based upon diversity of citizenship, see, supra, p. 595, if his motion to amend were denied. It is preferable here, as it is in regards to the additional claims of patent infringement, see supra, pp. 594–595, to have all the contentions between the parties adjudicated at one time.

*Claims of Libel*

Finally, plaintiff seeks to add two separate causes of action charging the defendant with libel, libel per se, and trade disparagement. See ¶s 23–29 of the proposed complaint. These actions relate specifically to defendant's publication of two bulletins in 1965. Defendant again has opposed this part of the motion to amend on a number of grounds, particularly on the basis that these actions will complicate and lengthen the main suit.

■ Although a motion to amend generally is denied only when the opposing party is prejudiced or when settlement of the principal claim will be delayed, see supra, p. 594, courts occasionally have denied such motions when the matters sought to be added would unduly complicate the proceedings. See E. G., Derman v. Stor-Aid, Inc., 8 Federal Rules Service, 15a.21, Case 1 (S.D.N.Y., 1943), Friedman, supra, 5 F.R.D. 115; Gaylord Shops, Inc. v. South Hills Shoppers' City, Inc., 33 F.R.D. 303, 305 (1963), Suehle v. Markem Machine Co., 38 F.R.D. 69, 71, (E.D.Pa., 1965). For example, in *Gaylord* the court's denial of the motion was supported by a consideration of the additional discovery and other pre-trial procedures which the amended claim would

necessitate. In *Suehle*, the court denied an amendment which would have added a claim under the anti-trust laws to an action originally alleging a simple breach of contract.

■ These cases are factually distinguishable from the present one, however, and there are policy considerations here which support granting this final aspect of plaintiff's motion. It is apparent that all of plaintiff's claims against the defendant reflect a continuing commercial battle between these two competitors. Plaintiff's charges of libel are related to the same basic set of circumstances which support his charges of patent infringement and unfair competition, and it is thus appropriate to have all these claims litigated at the same time. Moreover, denial of this aspect of plaintiff's motion to amend would merely precipitate the filing in this court of an independent action charging defendant with libel, and, as was the case with the other aspects of plaintiff's motion, it is clearly preferable to dispose of all differences between these parties in one proceeding. See supra, pp. 4, 7.

■ Defendant has raised two affirmative defenses in opposition to this aspect of plaintiff's motion to amend. Initially, it strongly contends that the charges of libel are barred by the Pennsylvania Statute of Limitations. Problems raised by this contention are far from simple ones in view of the rule enunciated in Hartmann v. Time, Inc., 64 F.Supp. 671, 680 (E.D.Pa., 1946), aff'd as to this but rev'd on other grounds at 166 F.2d 127, cert. den. 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763 (1948) that a federal "diversity" court deciding a libel case must apply Pennsylvania conflicts principles which direct the trial court to resolve any statute of limitations contentions by reference to the law of each state in which publication of the libel allegedly took place. It is more appropriate to involve the Court and parties in such an extensive inquiry when, and if, the defendant moves to dismiss on this ground, or at trial, rather than at the present juncture.

Secondly, the defendant contends that the libel claims are legally insufficient in two respects: (1) that the claims are not actionable because the alleged libels are only unfavorable comparisons of plaintiff's products with those of defendant's, see, Testing Systems, Inc. v. Magnaflux Corporation, 251 F.Supp. 286, 288–289 (E.D.Pa., 1966); and (2), that the claims of libel are not claims of libel per se and that therefore they are not actionable because of plaintiff's failure to allege special damages. See, Testing Systems, supra, 251 F.Supp. at pp. 290–291. Although the law in this Circuit provides some support for defendant's argument, the defendant here, unlike the defendant in *Testing Systems*, has not moved to dismiss for failure to state a claim upon which relief can be granted. The appropriate time for deciding these issues will be when, and if, he does so move. Since plaintiff's libel claims are clearly not frivolous it would be improper to deny plaintiff's motion to amend because of the alleged legal insufficiency of these claims. See cases cited, supra, p. 595.

For all of the reasons discussed above the Court has decided that it must grant plaintiff's motion to amend its complaint.