**STUDEBAKER CORPORATION,**
Plaintiff,

v.

**ALGRIPCO, INC., Defendant.**
Civ. A. No. C 67–628.

United States District Court,
N. D. Ohio, E. D.
July 16, 1970.

Eben H. Cockley, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for plaintiff.

Wm. Crighton Sessions, Arthur L. Cain, Bosworth, Sessions, Herrstrom & Cain, Cleveland, Ohio, for defendant; Frank J. Benasutti, Paul & Paul, Philadelphia, Pa., of counsel.

## MEMORANDUM

WILLIAM K. THOMAS, District Judge.

Plaintiff Studebaker Corporation brings an action in patent infringement against Algripco, Inc., the acts of infringement allegedly occurring in this district. Plaintiff, a Michigan corporation, with its general corporate offices in South Bend, Indiana, states that it has a regular and established place of business at Maineville, Ohio. Defendant Algripco, a Pennsylvania corporation, is declared to have a regular and established place of business in Akron, Ohio.

In its complaint the plaintiff states that on March 17, 1964, United States Letters Patent No. 3,125,147 entitled "Anti-Skid Device" was issued to Ernest Juhana Hakka; and that his right of title and interest therein has been assigned to Oy Kovametalli Ab, a corporation of Finland (KOMETA). (Lennart Hakka, brother of Ernest, was an intermediate assignee of '147 patent.)

Plaintiff states that it is the "exclusive licensee of KOMETA for the entire United States" and that it "has the right to bring this suit for patent infringement in the United States." It is contended that defendant Algripco has "copied plaintiff's patented tire studs and began its manufacture and sale of such tire studs, embodying the invention of Patent 3,125,147, without authorization by Plaintiff."

Several interlocutory matters are presented to this court for decision. First to be considered is defendant's motion for leave to file an amended answer and counterclaims. Both counterclaims

rest on the Sherman Act, 15 U.S.C. §§ 1 and 2, and the Clayton Act, 15 U.S.C. § 15(1914). For present purposes it is sufficient to refer to some of the allegations in Count 2 of the counterclaim. It is stated that Lennart Hakka made application for patent in the Swedish Patent Office on April 4, 1961

> Claiming priority corresponding to Canadian Patent Application No. 802,430, filed July 4, 1960, which Canadian application was priority application for United States application which issued in the patent in suit.

It is stated that the Swedish application was opposed successfully; and that in the opposition proceeding

> Lennart Hakka stated "the publications cited in the official actions and through oppositions should presumably have made it obvious that the invention as it was defined in the published documents is in large part known." This statement was made in 1963.

It is stated that the application for the United States patent was filed July 5, 1961; that it was assigned to Lennart Hakka on January 17, 1964; that the assignment was recorded in the Patent Office on January 23, 1964; and that the patent in suit was issued March 17, 1964.

It is stated that "the rights in said U. S. application and patent were assigned to Oy Kovametalli Ab by Lennart Hakka on October 13, 1965."

Count 2 continues with the contention that

> Lennart Hakka failed to make full disclosure to the United States Patent Office of the pertinent anticipatory prior art known to him prior to the granting of the patent in suit.

The patentee and his assignee are charged with fraudulently procuring the patent from the United States Patent Office and with enforcing "the monopoly granted in said patent knowing the same to have been procured by fraud upon the United States Patent Office."

In the prayer for relief the defendant asks the court to order plaintiff Studebaker to join Oy Kovametalli Ab as a party plaintiff and to order Oy Kovametalli Ab to respond to Count 2 of the counterclaims. The court is asked to adjudge the acts of plaintiff, Oy Kovametalli Ab, and others to constitute "a monopolization of a part of interstate trade and commerce  *  *  *." A perpetual injunction against said monopolization is sought; and defendant seeks a judgment for treble damages and exemplary damages against plaintiff Studebaker and Oy Kovametalli Ab.

Plaintiff opposes the granting of leave to file the amended answer and counterclaims on the ground that it is untimely. Pertinently, the affidavit of Frank J. Benasutti, one of counsel for defendant Algripco, states:

> The information upon which defendant's Motion to Join Oy Kovametalli Ab is based and which forms the basis for the Amended Answer and Counterclaims  *  *  * was obtained chiefly from a study of Swedish Patent Application No. 3477, filed April 4, 1961, by Lennart Hakka and the prior art and documents filed in the Swedish Patent Office during the prosecution of this application and the successful opposition proceedings filed against it.

The affidavit then states that

> This information was made all the more difficult to obtain by plaintiff's failure to identify this application or to identify Sweden as the country in which it was filed, in response to defendant's interrogatory to plaintiff No. 20.

These statements of defendant's counsel support his conclusion that he has

> pursued the matter diligently until [he] was able to piece together the aforesaid information. [He], then, promptly brought the aforesaid motions.

In applying Rule 15, Federal Rules of Civil Procedure this court must liberally permit the amendment of pleadings. Amendments may include the joinder of new parties; and whether or not leave to join new party should be

granted is directed to the court's sound discretion. *See,* Switzer Bros., Inc. v. Byrne, 242 F.2d 909, 913 (6th Cir. 1957). Also, Rule 21 expressly authorizes a court to add new parties. On the present record the court is warranted in allowing the defendant to amend its answer, to add the counterclaims, and to join Oy Kovametalli Ab as a party adverse to the defendant.

▆ KOMETA is the owner of the patent, and under its licensing agreement with Studebaker it will divide any net proceeds of the infringement action. Moreover, it is charged by defendant in the counterclaim as a principal offender in the commission of the alleged fraud upon the United States Patent Office and in the resulting monopolization of the anti-skid tire stud business in the United States. As a party united in interest with Studebaker, KOMETA should be joined as a new party plaintiff.

Under the agreement Studebaker has the sole right to the exclusion of KOMETA to sue others for infringement of any patent embraced by the agreement. Pursuant to the agreement KOMETA has given Studebaker power of attorney to bring the infringement action and to use its name as a party in such action if it be necessary or required. It is evident that KOMETA has invested full authority in Studebaker, as its agent, to sue any claimed infringer of the KOMETA patents. KOMETA's unlimited delegation of authority to Studebaker to bring the present infringement action implies KOMETA's consent to be counter-sued in Studebaker's infringement action. The question of service of process upon KOMETA is not before the court. Yet it is not premature to suggest that KOMETA's power of attorney implies appointment of Studebaker as KOMETA's agent to accept service of process on a claim, like defendant's, that relates to KOMETA's patents.

Plaintiff moves to substitute "the Big Four Automotive Equipment Corporation, a Delaware corporation, doing business at Maineville, Ohio, for Studebaker Corporation, the original party Plaintiff to this Civil Action." The basis of this motion is Studebaker's transfer to Big Four of "all the right, title and interest of Studebaker in a certain license agreement, dated January 1, 1967, among Oy Kovametalli, AB, as Licensor and Studebaker Corporation, as Licensee, * * * including that portion of Studebaker business to which certain License Agreement relates."

▆ When leave is sought to amend by substituting a party "the courts look to [the] relationship between the old and new party, whether the new party had been on notice of the suit and whether substantial prejudice is apt to result. [citations]." *See,* United States for Use of Construction Specialties Co. v. Travelers Ins. Co., 40 F.R.D. 316 (D. Colo.1966), aff'd 382 F.2d 103 (10th Cir. 1967). In view of the far-reaching charges made by defendant Algripco against the plaintiff Studebaker and the new party plaintiff Oy Kovametalli Ab it is concluded that this court should not grant the plaintiff's request to substitute a new party plaintiff for Studebaker. Permission to step aside will not be granted Studebaker. It must stay for the duration of the case. Plaintiff's motion to substitute Big Four for Studebaker as party plaintiff is denied, but Big Four may be added as a party plaintiff.

Plaintiff Studebaker objects to certain requests for admission, based on the illegibility of certain documents filed by Lennart Hakka in the Swedish Patent Office from which defendant has obtained translations and seeks admission as to the correctness of these translations. Plaintiff agrees to respond to legible copies of these documents. On the ground asserted plaintiff's objections are sustained.

Finally, plaintiff files a statement and attaches a proposed protective order under Rule 30(b). It appears that changes in the order have been discussed between counsel and that the proposed protective order has been agreed to by both parties. The court has signed this order.