Melvin TUCKER

v.

**READING COMPANY**

v.

**ROYCE KERSHAW COMPANY, Inc.**

Civ. A. No. 69–1603.

United States District Court,
E. D. Pennsylvania.

May 2, 1972.

See also D.C., 54 F.R.D. 601.

**328**

William J. Taylor and George Lieberman and Morgan, Lewis & Bockius, Philadelphia, Pa., for Reading Co.

F. Hastings Griffin, Jr. and John F. Wilson, III, and Dechert, Price & Rhoads, Philadelphia, Pa., for Royce Kershaw Company, Inc.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Following an injury sustained in the course of his employment by the Reading Company by a machine manufactured by Royce Kershaw, Melvin Tucker brought suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. This action was settled for $235,000.00, and Reading brought suit against the third-party defendant for indemnity and contribution. We disallowed the first and permitted the second, and now, on the eve of trial, Royce Kershaw has requested leave of the court to amend its answer to file a cross-claim against Reading Company.

Royce Kershaw bases this claim on Kauffman v. Moss, 420 F.2d 1270 (3rd Cir.), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970), where the court stated that, "under Rule 15(a), the district court is enjoined to 'freely' permit amendment as a matter of discretion." Id. at 1276.

The opinion in *Kauffman, supra,* was written, *inter alia,* to permit an indigent prisoner to amend a civil rights complaint on the equitable theory that a convict proceeding *in propria persona* should not be held to the same high standard of practice required of distinguished corporate trial attorneys, such as are involved here.

Before reviewing whether or not we may permit such a late amendment, it is first necessary to determine if Reading Company is correct when it argues that this cross-claim is an incorrect pleading, not yet matured, and therefore, not properly before us.

Is is correct that the amendment would more properly be termed a counterclaim. We believe that rule 13(g) Fed.R.Civ.P. was "intended to regulate cross-claims between 'co-parties' and contemplated that such cross-claims should be asserted against parties having like status, such as, co-defendants." Murray v. Haverford Hospital Corporation, 278 F.Supp. 5, 6 (E.D.Pa.1968) (Footnote omitted).

The Court of Appeals for this circuit in Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62 (3rd Cir. 1971), said

It seems untenable to us to characterize third-party litigants as co-parties since their actual and only relationship to each other throughout the action is that of plaintiff and defendant. While co-parties—those sharing 'like status' initially—become opposing par-

ties on the cross-claim, third-party litigants become adverse upon service of the third-party complaint. Thus they are opposing parties *prior* to the assertion of the additional claim by the third-party plaintiff, and, indeed, retain that status throughout the case. (Emphasis in original) (Footnote omitted). *Id.* at 66.

■ We think it clear, therefore, that the proper motion to amend would have been an asserted counterclaim.[1] This being so, we must determine if Reading is correct in its assertion that the counterclaim is not yet ripe for consideration, so that the motion to amend must be denied.

We do not believe it necessary to decide at this time whether there must be a pre-existing verdict establishing joint liability between the parties, as claimed by Reading, or only the incurring of counsel fees to show an existing obligation, as claimed by Royce Kershaw. We are not disposed to pick and choose between these two criteria for maturity of a claim, and try the case a second time. Rule 42(a) Fed.R.Civ.P. confers upon this Court "broad power, . . . upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3rd Cir. 1964). The rule provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The substance of the counterclaim[2] which Royce Kershaw advances is found in its thirteenth defense, i. e., that Reading Company failed to provide such flag protection and/or other safety precautions as were required in connection with the operation of the track cleaning equipment involved in the litigation.

The issues to be tried to make such a determination involve the same plaintiff, the same accident, the same piece of track cleaning equipment, and the same set of controversies observed by the same witnesses, as to how the tragic occurrence took place. It would be a totally wasteful procedure to try the question of the two companies' negligence separately when each trial would be, word for word, a duplicate of the other. This case is, therefore, ripe for consolidation under Rule 42(a).

■■ We will permit the amendment because such pleadings should be liberally allowed. Cunningham v. Jaffe, 37 F. R.D. 431 (W.D.S.C.1965). It is true that such a motion will be denied where prejudice will accrue to the other party, Harvey v. Eimco Corp., 32 F.R.D. 598 (E.D.Pa.1963); however, mere delay, absent a showing of prejudice, will not normally cause the denial of a late pleading. Coopersmith Brothers, Inc. v. Stefko Boulevard Shopping Center, 30 F.R.D. 1 (E.D.Pa.1962), and such prejudice is not usually presumed to have occurred unless the motion is made during or after the trial. Heilig v. Studebaker Corp., 347 F.2d 686 (10th Cir. 1965); Amco Engineering Co. v. Bud Radio, Inc., 38 F.R.D. 51 (N.D.Ohio 1965).

We could permit the amendment even if it added an entirely new claim to the action, rule 15(a) Fed.R.Civ.P. However, there is no new claim here. The

---

1. Rule 8(c) Fed.R.Civ.P. provides for our discretion to permit such changes when the interests of justice require. Immediately upon Reading's interposing its objection, Royce Kershaw filed a most informal amendment changing the name of the pleading. We accept this in the interest of judicial economy, and discuss the possible prejudice to Reading, *infra*.

2. Which we treat as a cross-claim.

substance of the counterclaim has already been raised by the third-party defendant in its original defense, as noted, *supra*. We are certain that experienced railroad defense counsel are not caught unaware by the argument that the railroad failed to place proper flag and/or other safety precautions in the track area.

Counsel have also asked us at this time to make a determination as to whether Royce Kershaw will be held harmless for damages, *should the jury, after hearing the evidence*, find that Tucker was contributorily negligent. We will not at this time make a determination as to what damages should or should not be before the jury has even considered the question of whether or not contributory negligence exists.