Lawrence R. **SPERBERG**, Plaintiff,

v.

The **FIRESTONE TIRE & RUBBER COMPANY** et al., Defendants.

Civ. No. C72–1067.

United States District Court,
N. D. Ohio, E. D.

May 4, 1973.

See also D.C., 61 F.R.D. 70.

## MEMORANDUM AND ORDER

KRUPANSKY, District Judge.

Lawrence R. Sperberg brought this action on October 5, 1972 against Firestone Tire and Rubber Company (hereafter termed "Firestone"), General Tire and Rubber Company (hereafter termed "General"), B. F. Goodrich Tire Company (hereafter termed "Goodrich"), Goodyear Tire and Rubber Company (hereafter termed "Goodyear"), and Uniroyal Tire Company (hereafter termed "Uniroyal"), each on behalf of itself and as representatives of others similarly situated. The complaint alleges that Sperberg is the owner of Patent No. 3,563,088 (hereafter termed '088), issued on February 16, 1971 and entitled "Nondestructive Method of Determining Tire Life." The complaint further alleges that the five representative defendants are infringing patent '088, and that there exists a class whose members are infringing patent '088 without leave or license from plaintiff.

Sperberg has filed a motion to file an amended complaint and has also filed a motion to censure counsel for Goodrich.

### 1. Motion to file amended complaint.

Sperberg moves to file an amended complaint, which adds a new cause of action alleging patent infringement of a second patent, No. 3,722,270 (hereafter termed '270). Patent '270, which is attached to the amended complaint as plaintiff's Exhibit 2, is titled "Nondestructive Method of Determining Tire Life," which is the same title as the initial patent in this action, patent '088. In fact, patent '088 is referred to in the new patent '270 under the heading "Related U. S. Application Data." Patent '270 was issued to Sperberg on March 27, 1973, thus it is apparent that Sperberg has not used delaying tactics in his motion to file an amended complaint by seeking to add a cause of action on a new patent nearly six months subsequent to filing the original complaint.

Plaintiff's motion is filed pursuant to Rule 15, Fed.R.Civ.P. In applying Rule 15 the Court must liberally permit the amendment of pleadings. See Studebaker Corp. v. Algripco, Inc., 331 F.Supp. 375 (N.D.Ohio 1970, Thomas, J.); Jenn-Air Products Co., Inc. v. Penn. Ventilator, Inc., 283 F.Supp. 591 (E.D. Pa.1968). Requested amendments are liberally granted even when the amendment seeks to add an entirely new cause of action. See Jenn-Air, supra; and Cunningham v. Jaffe, 37 F.R.D. 431 (W.D.S.C.1965); and see generally Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

In Jenn-Air, supra, the plaintiff sued defendant for alleged patent infringement of patent '357 in January of 1965. Several months later plaintiff was permitted to file an amended complaint adding a patent infringement claim as to patent '647. Then in late 1967 or early 1968 the plaintiff filed a motion to file a second amended complaint seeking, among other things, to add a new cause of action charging defendant with patent infringement of two new patents, patent nos. '607 and '661. The Court permitted the second amended complaint to be filed, noting in part that the trial was many months away, discovery procedures were just starting, granting the motion would not unduly prejudice the defendant, and the patents forming the subject matter of the new cause of action were related to those already involved in the action.

The only defendants opposing Sperberg's motion are Goodrich and Goodyear, primarily on the grounds that the amended complaint improperly seeks to bring the new cause of action as a class action. However, this is not a reason to refuse the motion. Once the amended complaint is filed all defendants will have the right and opportunity to file motions raising the issue of whether or not the new cause of action should be brought as a class action.

Under the circumstances of this case the motion to file an amended complaint will be granted.

## 2. *Motion to censure.*

Sperberg has filed a motion to censure counsel for Goodrich, claiming that counsel exceeded the bounds of proper adversary presentation in its paper filed and served approximately March 12, 1973. Goodrich has responded to the motion by stating that none of the language in the paper which it filed was meant to make any personal accusations against counsel for Sperberg or against Sperberg.

This Court will not permit any language or actions of counsel which constitute contempt of court, but it will not otherwise police the language and actions of counsel in their representation of their respective clients. The language complained of herein is not contempt of court. Sperberg should seek whatever remedy he may have through the appropriate bar association. The motion will be denied.

It is so ordered.