Lawrence L. McDONALD

v.

CHRYSLER MOTORS CORPORATION.

Jacqueline THERIAULT and Robert Theriault, her husband

v.

CHRYSLER MOTORS CORPORATION, a corporation.

Civ. A. Nos. 17735, 17734.

United States District Court W. D. Pennsylvania.

Feb. 2, 1961.

James A. Ashton, Pittsburgh, Pa., for plaintiff.

Wm. A. Challener, Jr., Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this action the plaintiff claims damages for personal injury alleged to have been sustained as a result of alleged defective brakes on a Plymouth automobile. The accident occurred on May 12, 1957. The statute of limitations has now expired.

In the complaint it is alleged that the Plymouth was manufactured by Chrysler Motors Corporation. Chrysler filed its answer in which it denied that Chrysler Motors Corporation manufactured or fabricated the Plymouth automobile referred to in the complaint. The complaint was served on March 16, 1959, and the answer filed on March 31, 1959.

Chrysler Motors Corporation is engaged in the sale and distribution of Plymouth automobiles to authorized dealers. The manufacturing entity is Chrysler Corporation.

On October 6, 1960, motion for leave to amend the caption of the complaint to change the name of the defendant to Chrysler Corporation, defendant, was filed. Defendant opposes this claiming that this is adding a new party by amendment after the statute of limitations has expired.

While it is generally true that a party cannot be permitted to shift his ground or enlarge the scope of his statement by introducing an entirely new and different cause of action when, by rea-

son of the statute of limitations, it would work an injury to the opposite party, nevertheless in this Federal Court we go to great lengths to exercise our discretion to make a trial a search for justice and not to decide cases on mere technicalities.

■ The Court is informed by counsel for the defendant in answer to an inquiry made by the Court that the Chrysler Corporation did receive notice that an accident occurred which involved the Plymouth automobile referred to in the complaint, and that this knowledge was acquired in 1957. This leaves only one question to be answered: Is the plaintiff barred by not pursuing diligently his remedy? While ordinarily plaintiff's failure to move to amend his complaint upon the filing of the defendant's answer might bar the amendment at this late date, counsel for the plaintiff satisfactorily explained the delay to the Court when he advised the Court that at or about the time the answer to the complaint was filed he was in the hospital and was out of his office for several weeks and was unaware of the answer filed by the defendant. Under these circumstances, a motion to amend ought to be allowed.