UNITED STATES of America for the Use of CONSTRUCTION SPECIALTIES COMPANY, a corporation, Plaintiff,

v.

The TRAVELERS INSURANCE COMPANY, a corporation, Defendant.

Civ. A. No. 9185.

United States District Court
D. Colorado.

June 2, 1966.

Karl C. Brauns and Edward B. Almon, Denver, Colo., for plaintiff.

Donaldson, Hoffman & Goldstein, Abe L. Hoffman, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

The plaintiff herein seeks leave of Court to amend its complaint by re-designating the defendant as Travelers Indemnity instead of Travelers Insurance Company.

The action is under the Miller Act. It was filed on June 2, 1965. The claim is by a material man against the prime contractor and the contractor's surety. The allegation is that materials were last furnished on December 31, 1964.

Notwithstanding that the defendant named in the complaint was Travelers

*Insurance* Company and that the allegations identified it as the *surety* on the bond, the Insurance Company filed a motion for a bill of particulars on June 23, 1965. Following this a bill of particulars was furnished and then the Travelers Insurance Company filed an answer, a denial, and filed a motion to name a third party defendant, which motion was denied. When plaintiff sought on March 22, 1966, to substitute Travelers Indemnity following the discovery that it was this company which was the surety on the bond, Travelers Insurance Company filed a motion for summary judgment and resisted the plaintiff's motion to substitute.

It would appear from the file that the Travelers Insurance Company owns one hundred per cent. of the capital stock of Travelers Indemnity, but that the two companies have the same managers and directors and occupy the same office home address in Hartford, Connecticut. It also appears that the parent company deals in life and other insurance, whereas the indemnity company deals in casualty protection. Apart from the fact that the insurance company has officers which the indemnity company does not have, it would appear that these corporations are very closely related and that their activities supplement one another.

It must be noted that the question is one of substance because if the plaintiff's request is denied its claim is lost since it would be barred from the filing of a new action against Travelers Indemnity Company.

There is a marked difference between substitution of a party and amendment to add a party. See 4 Moore's Federal Practice, ¶ 25.02, p. 512, which provides as follows:

"It is vital to distinguish between *substitution* under Rule 25 and an amendment bringing in new parties. Under Rule 25 substitution is meant to cover only those cases where the proper parties have been joined, but because of death, incompetency, etc. of a party, another may be substituted. Amendment, on the other hand, *may* allow the addition of parties who should have been joined originally, either as necessary or indispensable parties, or *may* permit 'replacement' of a party in or against whom the cause of action really lies."

Rule 15 grants the Court liberal discretion with respect to amendments. However, when leave is sought to amend by substituting a party, the scrutiny must be more careful. Seemingly, the courts look to relationship between the old and new party, whether the new party has been on notice of the suit, and whether substantial prejudice is apt to result. There are numerous decided cases on this: See Meltzer v. Hotel Corp. of America, D.C.N.D.Ohio 1959, 25 F.R.D. 62; Grandey v. Pacific Indemnity Co., 5 Cir. 1954, 217 F.2d 27; McDonald v. Chrysler Motors Corp., D.C.W.D. Pa.1961, 27 F.R.D. 442; Denver v. Forbes, D.C.E.D.Pa.1960, 26 F.R.D. 614; 3 Moore's Federal Practice, ¶ 15.08 [5], pp. 922–23.

In *Meltzer*, supra, it was held that service upon a hotel holding corporation gave notice to a local hotel which was a wholly owned subsidiary. The court concluded that the hotel presumably was aware of the action.

In the case of Goodrich v. England, 262 F.2d 298, the Court of Appeals for the Ninth Circuit declared that the controlling considerations in cases like the present are: *first*, what entity did the plaintiff intend to bring before the court; and *secondly*, was the party resisting amendment sufficiently apprised of the pendency of the action and given adequate notice.

In *McDonald*, the plaintiff named Chrysler Motors Corporation as maker of Plymouth. In fact, the Chrysler Corporation was the proper party defendant and the Chrysler Corporation was the distributor. The court allowed the amendment, observing that it had the power to exercise discretion to make the

trial a search for justice and not to be decided on mere technicalities.

Denver v. Forbes was an action for personal injuries resulting from a rear-end collision. The automobile was being driven by a minor who was then accompanied by her mother and whose name, except for the middle initial, was the same as that of the mother. Service was mistakenly made on the mother. It was held, nevertheless, that the insurance company had sufficient notice as to true identity and that service on the mother would have been valid service upon the daughter. The court pointed out that the insurance company had knowledge of the actual facts well within the two-year period after the accident.

In the case at bar Travelers Indemnity presumably had the requisite notice. Its parent, Travelers Insurance Company, treated the case as if it was in fact the surety on the bond described in the complaint. Plaintiff learned the true facts as to the identity of the surety only after it was too late to file a new law suit naming the indemnity company. Thus, the Travelers Insurance Company "hid in the bushes" so to speak, and finally struck the plaintiff from ambush.

This is not said in any criticism of counsel. We do not say that the insurance company or its counsel was under an affirmative duty to notify the plaintiff at the outset that the indemnity company was the signatory on the bond. We do say, however, that when the named defendant created a facade indicating that it was the party in interest when it then knew that it had not written this bond and did not even write this kind of business, that it served as an indication that the real party, Indemnity Company, had notice and was being protected. This tends to show a relationship between the parties which motivated the protective action. Indeed, if Travelers Insurance were not interested in insulating Travelers Indemnity, it would have been satisfied to merely be relieved from defending

—it would not *now* be opposing the plaintiff's motion to substitute.

 For the reasons above stated, we are of the opinion that this is a proper case for amendment to re-designate. Accordingly, plaintiff's motion to substitute the Travelers Indemnity Company by amendment should be, and the same is hereby granted.

It is unnecessary to rule on the Travelers Insurance Company's motion for summary judgment since that matter now becomes moot.