Malcolm **SIMMONS** and Doris Simmons, Plaintiffs-Appellants,

v.

Teresa D. **FENTON** and James L. **Garrison,** Defendants-Appellees.

No. 72-1392.

United States Court of Appeals, Seventh Circuit.

Argued April 20, 1973.

Decided June 15, 1973.

Herbert Schultzman, Paducah, Ky., Burton C. Bernard, Granite City, Ill., for plaintiffs-appellants.

John E. Jacobsen, Mt. Vernon, Ill., for defendants-appellees.

Before HASTINGS and MURRAH[*], Senior Circuit Judges, and PELL, Circuit Judge.

HASTINGS, Senior Circuit Judge.

We are presented with a novel question concerning the amendment of a complaint in a diversity tort action and the date to which it may or may not relate back pursuant to Rule 15(c), Federal Rules of Civil Procedure, Title 28, U. S.C.A. The relevant part of such rule reads:

> "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

[*] The Honorable Alfred P. Murrah, Senior Circuit Judge for the Tenth Circuit, is sitting by designation.

This cause of action arose out of the collision of three automobiles in Jefferson County, Illinois, on August 28, 1968. Plaintiffs were the occupants of one of the cars and were allegedly seriously injured. Teresa D. Fenton and James L. Garrison were alleged to have been the drivers of the other two cars involved. Plaintiffs each brought suit against defendants to recover damages for their alleged personal injuries. The suit was filed August 28, 1970, in a federal district court in Illinois. Plaintiffs were residents and citizens of Kentucky, and defendants were domiciled in Illinois. Under the applicable statute of limitations the action was filed on the last day of the two-year limitation period.

On September 1, 1970, the fourth day after the expiration of the limitations statute, a summons was delivered to the United States Marshal for service upon defendant Teresa D. Fenton. Three weeks later, on September 22, 1970, a deputy marshal returned the summons showing that he had served it on "Teresa D. Fenton by handing to and leaving a true and correct copy thereof with Mr. William Fenton, Husband of the defendant Teresa D. Fenton, personally at 1110 Trout Street Johnson City, Illinois in the said District at 2:45 p. m. on the 22nd day of September, 1970."

Timely answer to the complaint was filed by defendant Teresa D. Fenton denying, *inter alia,* that she was the driver of the car which collided with that being driven by one of the plaintiffs and that she was guilty of the alleged negligence. On October 12, 1971, said defendant filed a motion for summary judgment.

In her motion for summary judgment, supported by an affidavit of Doris J. Fenton (her mother), defendant Teresa D. Fenton stated in substance: (1) that at the time of the occurrence described in the complaint she was 12 years of age and was riding in the back seat of an automobile driven by her mother, Doris J. Fenton; and (2) that she was not driving the automobile as alleged in the complaint and in fact did not know how to drive a car and had nothing whatever to do with its operation.

Plaintiffs countered by filing a "Motion to Correct Misnomer by Substituting Proper Christian Name." In such motion plaintiffs requested leave "to file an amended complaint relating back to the original" filed by them on August 28, 1970, identical in every respect except to change the name of the defendant from Teresa D. Fenton to Doris J. Fenton wherever it appeared; and they sought to make similar changes in the summons and the return thereon. In a supporting memorandum plaintiffs alleged that the correct name of the defendant intended to be sued was Doris J. Fenton, the driver of the Fenton car and wife of William Fenton of Johnson City, Illinois. William was a passenger in the front seat, and two children (one of whom was 12-year-old Teresa) were riding as passengers in the rear seat at the time of the accident. The memorandum further stated that, by plaintiffs' counsel's "misadventure" in drafting the complaint, Mrs. Fenton was identified by her daughter's Christian name. The memorandum also stated that this mistake was first discovered when defendant Teresa D. Fenton's motion for summary judgment was filed. An affidavit of the deputy marshal and a counter-affidavit of William Fenton were filed with reference to the service of the summons at the Fenton residence on September 22, 1970. Additional reference was made to an investigation by the Fentons' liability insurance carrier and to unproductive negotiations for settlement of plaintiffs' claims. It was also stated that a passenger in the Garrison car had previously sued Doris J. Fenton in an Illinois state court.

Plaintiffs summarize their position by the following statement on brief: "Inasmuch as the plaintiffs seek only to correct the Christian name of the intended defendant who was actually served with process and who both personally and through her representatives had full knowledge that these plaintiffs were in process of instituting suit against her;

that her insurance representatives had fully and thoroughly investigated the circumstances attending the cause of plaintiff's complaint, it is believed that the granting of an amendment relating back to the original complaint will do no violence to the intendment of Rule 15(c) and that the circumstances of this case in fact fall squarely within the intent of said amendment." They conclude by conceding "in deference to intellectual honesty, that the defendant, Teresa Fenton, is technically entitled to the summary judgment which she seeks."[1] However, under the circumstances found present here and agreeable with the rationale of the cases they cite,[2] plaintiffs continue to urge that Rule 15(c) requires that when an intended defendant is served with process under a mistaken name a plaintiff is entitled to the requested amendments of both the complaint and the service of process.

▮ Plaintiffs seek to do more than merely correct a mistake in the Christian name of an intended defendant caused by inadvertence of counsel. They are attempting to substitute parties defendant after the statute of limitations has run. A reading of Rule 15(c) expressly conditions the relation back of "an amendment changing the party against whom a claim is asserted" upon the concurrence of three prerequisites, viz.: (1) the amended claim must arise out of the same occurrence set forth in the original pleading; (2) within the period provided by law for commencing an action against him, the purported substitute defendant must have received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) such purported sub-stitute defendant must have or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Clearly, the requirements of prerequisite (1) have been fully met. It is equally clear to us that the requirements of prerequisites (2) and (3) have not been met. The time within which the action against Doris J. Fenton necessarily had to have been brought expired on August 28, 1970. Even if it might be said that she should have known immediately of the case of mistaken identity when service was made upon her 12-year-old daughter, or, to go further, even if the service might be said to have been upon her, Rule 15(c) is not satisfied, since actual service on whoever was served was not effected until September 22, 1970, at least three weeks after the tolling of the statute of limitations. Further, since Doris J. Fenton is not now before the court and, in fact, has never yet been served with process, there is clearly prejudice to her if the amendment is allowed. To allow the amendment will be to deprive her of the defense of the statute of limitations. Such a defense is a complete bar to the action, and to deny it makes the prejudice complete and final. This is in direct conflict with the language of the rule that she "will not be prejudiced in maintaining [her] defense on the merits."

▮ An adequate consideration of the basic principles to be applied in cases involving a change or alteration of the parties to an action pursuant to Rule 15(c) has been furnished by District Judge Grubb in Aarhus Oliefabrik, A/S v. A. O. Smith Corp., E.D.Wis., 22 F.R.

---

1. Indeed, plaintiffs appealed from the district court's order only insofar as it denied their motion "to correct misnomer by substituting proper Christian name." No appeal was taken from the dismissal of Teresa D. Fenton as a party defendant.

2. Wynne v. United States ex rel. Mid-States Waterproofing Co., 10 Cir., 382 F.

2d 699 (1967) ; Brittian v. Belk Gallant Co., N.D.Ga., 301 F.Supp. 478 (1969) ; McDonald v. Chrysler Motors Corp., W.D. Pa., 27 F.R.D. 442 (1961) ; Williams v. Pennsylvania R.R., D.Del., 91 F.Supp. 652 (1950) ; Cited also was 6 Wright & Miller, Federal Practice and Procedure § 1498, at 509 (1971).

D. 33, 36 (1958): "Thus, amendment with relation back is generally allowed in order to correct a misnomer of defendant where the proper defendant is already in court and the effect is merely to correct the name under which he is sued. But a new defendant cannot· normally be substituted or added by amendment after the statute of limitations has run." (Footnotes omitted.) This fits the case at bar. Similar interpretations of Rule 15(c), with numerous citations in support, are to be found in Archuleta v. Duffy's, Inc., 10 Cir., 471 F.2d 33, 35 (1973); Munetz v. Eaton Yale & Towne, Inc., E.D.Pa., 57 F.R.D. 476, 479–480 (1973); Janus v. J. M. Barbe Co., N.D. Ohio, 57 F.R.D. 539, 542–543 (1972); People of the Living God v. Star Towing Co., E.D.La., 289 F.Supp. 635, 641–642 (1968); Robbins v. Esso Shipping Co., S.D.N.Y., 190 F.Supp. 880, 884–885 (1960).

The second sentence in Rule 15(c) was added by amendment in 1966, 383 U.S. 1029, 1044. This amendment has been the subject of our present consideration. It appears to incorporate precisely the holding in Martz v. Miller Brothers Co., D.Del., 244 F.Supp. 246, 253–254 (1965). As was pointed out in *Martz,* state statutes of limitations are frequently geared to the filing of a complaint. This appears to be so in Illinois. However, Rule 15(c) is geared to notice. The party to be substituted must receive *notice of the action* "within the period provided by law for commencing the action against him." Following *Martz,* given the facts in this case, it is apparent that Doris J. Fenton had no notice until after the statute of limitations had run. She could not have had notice that a suit had been filed against her until she heard about it. *Id.* at 254.

The cases cited by plaintiffs, *supra* at note 2, are generally to the effect that the amendment changing a party's name will relate back where the party intended to be served, though misdescribed, was actually the party served. In *Wayne* [3] and *Brittian,* the proper defendant was served with process, though under an incorrect name. In *McDonald,* the defendant was sued and served under an incorrect corporate name. Its counsel admitted in open court that the proper corporate defendant had received notice of the claim before the running of the statute of limitations. The bar of the statute was lifted because plaintiff's counsel was hospitalized and out of his office for several weeks and was unaware of the answer filed by defendant. In *Williams,* although an incorrectly named corporate defendant was sued and served, the party intended to be so named and served was actually before the court, filed an answer and appeared generally in open court. While adhering to the rule that an amendment whose effect is to add a new party to the·suit will not relate back to circumvent the statute of limitations, the court there found that the only effect of the amendment was to correct a misnomer.

Since, in the case at bar, the requirement has not been met that the defendant sought to be substituted by amendment must have notice of the filing of the action prior to the running of the statute of limitations, plaintiffs cannot prevail.

We hold that the district court did not err in denying plaintiffs' motion for leave to amend the complaint and the service of process. The order and judgment appealed from are affirmed.

Affirmed.

---

3. The Tenth Circuit has itself distinguished its holding in *Wynne* from the present situation. *See* Archuleta v. Duffy's, Inc.,

471 F.2d 33, 35 (1973). *See also* Graves v. General Ins. Corp., 10 Cir., 412 F.2d 583, 585 (1969).