The **GUARDIAN INSURANCE COMPANY,**
Appellant,

v.

**ANACOSTIA CHRYSLER–PLYMOUTH, INC., and Chrysler Motors Corporation, Appellees.**

No. 7568.

District of Columbia Court of Appeals.

Argued Jan. 23, 1974.

Decided May 30, 1974.

---

6. Assault with intent to commit rape, *Allison, supra; Fountain, supra;* invitation for immoral purposes, *Kelly, supra.*

Peter Larsen, Washington, D. C., for appellant.

Thomas H. Talbott, Washington, D. C., for appellee Anacostia Chrysler-Plymouth, Inc.

George W. Miller, Washington, D. C., for appellee Chrysler Motors Corp.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

This appeal is from that portion of an order[1] granting judgment n. o. v. in favor of codefendant Anacostia Chrysler-Plymouth, Inc. (Anacostia). The action was brought by Guardian Insurance Company, subrogee of Mr. Heyward Corley whose insured 1972 Chrysler Newport was virtually destroyed by fire shortly after Corley purchased it from the defendant dealer. We find error in the grant of judgment n. o. v. in favor of the dealer and order that the jury verdict in favor of appellant against that defendant be reinstated.

Mr. Corley intended to use his new Chrysler Newport as a taxicab and thus, shortly after purchasing it, hired others to install a cruise light on the roof of the car. This was accomplished by drilling a hole in the roof and wiring the cruise light into the interior dome light. A switch to operate the cruise light was installed on the dashboard.

Corley testified that a few days thereafter as he was driving along, he noticed a strange light on his shoe, but could not identify the exact source of the light.

Alerted by the horn of a car behind him, he glanced to the rear and saw that the back seat area was full of smoke. He immediately pulled over and left the car to telephone for help, but very quickly the car burst into flames and was soon burned to an extent that only its salvage value remained.

At trial appellant called a witness whom the court allowed to testify as an expert regarding the origin but not the cause of the fire. This witness expressed his opinion that it was possible that the fire started in the loom of wires under the front seat which controlled the power seat. He stated that in his role of examining the burned car to estimate damages he observed that the left front seat was particularly burned and that the wires leading to the power seat motor under that area of the seat were "laid bare" and the insulation "completely burned off." On cross-examination the witness reaffirmed his opinion as to the origin of the fire.

Corely also testified that he had returned the car to the dealer on a Saturday after the power windows had failed to work and that the dealership asked him to return the car on the coming Monday since no service was then available. Later, on Saturday, however, the fire broke out.

In Williams v. Steuart Motor Co., D.C. Cir., 494 F.2d 1074, at 1077 (decided Feb. 28, 1974), the court held

that when plaintiff acquired the new automobile there was by operation of law an implied warranty from . . . the dealer that the vehicle was fit and suitable for the ordinary purposes for which an automobile is sold and used. . . .

On appeal, Anacostia essentially concedes the existence of such a warranty and contends solely that the quantum of evidence produced by appellant was insufficient to support a jury verdict.

---

1. The order also recited the grant of a directed verdict in favor of codefendant Chrysler Motors Corporation, but since appellant's brief does not address this issue, neither do we.

■ As recognized in McCrossin v. Hicks Chevrolet, Inc., D.C.App., 248 A.2d 917, 919 (1969),

> In order for the [appellant] to recover on breach of implied warranty, it was necessary that [it] prove that the car was in a defective state at the time it was delivered by [the manufacturer] and that the defect existed at the time the car was sold to [Corley] by [Anacostia Chrysler-Plymouth], and that as a result of the defect [the car] was damaged. . . .

When direct evidence is unavailable to demonstrate the alleged defect, circumstantial evidence is sufficient. McCrossin v. Hicks Chevrolet, Inc., *supra,* at 920 (citing cases). Similarly, a specific defective part or condition need not necessarily be identified.

The court in Vernon v. Lake Motors, 26 Utah 2d 269, 488 P.2d 302 (1971), held that the trial court correctly allowed plaintiff's case to go to the jury in the following instance. Plaintiff had previously noticed puffs of smoke coming from the dashboard region of the car and had experienced difficulty with the operation of the windshield wipers. As plaintiff's wife was driving the car on a later occasion, she noticed a puff of smoke and immediately pulled off the road and turned off the ignition. She testified that nevertheless the lights came on, the horn began to honk, and the motor started. A fire then erupted doing serious damage to the car. An experienced mechanic called by plaintiff testified that, after examining the automobile as best he could in its burned state, it was his opinion that the fire resulted from a short in the electrical wiring under the dashboard.

In *Vernon,* the court rejected the manufacturer's argument that the plaintiff was required to specify which parts were defective and the nature of the defect, and its contention that direct evidence was necessary. To the contrary, the court stated that "circumstantial evidence is adequate as proof if its quality is such that the jury believes that the greater probability of truth lies therein." *Id.,* 26 Utah 2d at 274, 488 P.2d at 306 (footnote omitted). The court continued:

> A fire breaking out underneath a dashboard is a circumstance which cries out for explanation. Looking at the evidence in the light of common sense and experience, the minds of jurors acting fairly thereon could arrive at conclusions with reasonable certainty. When there is added thereto the opinion of the expert . . . that [the fire] resulted from a fault in the electric wiring, it would not strike us as being unreasonable for a jury to conclude therefrom that the fire resulted from a defect in the mechanism of the automobile as covered by the warranty. . . . [*Id.*]

*See also* Williams v. Steuart Motor Co., *supra;* Ford Motor Co. v. Pittman, 227 So.2d 246 (Fla.App.1969).

Defendants presented, *inter alia,* expert testimony attempting to establish that the installation and presence of the cruise light affected the electrical system of the car and caused the fire. As this court noted in McCrossin v. Hicks Chevrolet, Inc. *supra* 248 A.2d at 920, "[t]he question of whether such [an intervening act] actively operated in producing the fire is basically one of fact", and as such is a question for the jury.

■ The granting of judgment n. o. v. requires the same judicial determination as does the granting of a directed verdict. The court must find that, as a matter of law, the evidence adduced, viewed in the light most favorable to the non-movant, is insufficient to enable a jury to find in favor of the non-movant. Correspondingly, on appeal from the grant of judgment n. o. v., "the appellate court must consider the evidence in its strongest light in favor of the party against whom the motion for directed verdict was made, and give him the advantage of every fair and reasonable intendment that the evidence can justify."

5A J. Moore, Federal Practice ¶ 50.02 [1], at *2326–27* (2d ed. 1974) (footnote omitted.) In light of the cases cited, and applying the above test to the evidence presented at trial, we hold that the grant of judgment n. o. v. was error.

We take note here that codefendant Anacostia Chrysler-Plymouth cross-claimed against codefendant Chrysler Motors Corporation for indemnification and/or contribution for any purported liability. The trial court's judgment which exonerated both appellees from any liability effectively mooted the cross-claim, but our holding reinstating the jury verdict against the dealer necessitates consideration of the cross-claim by the trial court.

In remanding we direct the trial court's attention to Superior Court Civil Rule 15(a), Del.C.Ann. (the identical counterpart to Fed.R.Civ.P. 15(a)), which encourages the liberal allowance of amendments to the pleadings so that disposition of a case on the merits will not be thwarted by technical imperfections in the pleadings. This suggestion is prompted by that portion of the court's judgment which stated as grounds for directing a verdict in favor of Chrysler Motors that appellant failed to prove that Chrysler Motors manufactured or sold the automobile in question.

Our examination of other cases in which Chrysler Motors was sued for breach of warranty reveals that Chrysler Motors and Chrysler Corporation (the manufacturer) are close corporate relatives.[2] We further note that various aspects of the warranty in this case attest to this relationship: both Chrysler Motors Corporation and Chrysler Corporation purport to disclaim certain liability; Chrysler Motors is named as the party which authorizes dealerships; and in Canada, the name Chrysler Canada Ltd. stands for both corporate entities.

In light of the above, our remand is made without prejudice to the trial court's

entertaining an application by Anacostia Chrysler-Plymouth for leave to amend its cross-claim to name Chrysler Corporation as a defendant. *Cf.* Moviecolor Limited v. Eastman Kodak Co., 288 F.2d 80, 88 (2d Cir. 1961).

The judgment n. o. v. against appellant is reversed and the case remanded with directions to reinstate the verdict in favor of appellant against Anacostia Chrysler-Plymouth, and for further proceedings not inconsistent herewith.

So ordered.

---

2. *See, e. g.,* McDonald v. Chrysler Motors Corp., 27 F.R.D. 442 (D.C.W.D.Pa.1961); Rose v. Chrysler Motors Corp., 212 Cal.App. 2d 755, 28 Cal.Rptr. 185, 99 A.L.R.2d 1411 (1963).