336 A.2d 563.

JOSEPH DALESSIO *vs.* B. T. EQUIPMENT COMPANY *et al.*

APRIL 25, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a civil action by Joseph Dalessio, plaintiff, against B. T. Equipment Company, Campanella Corporation, and Holiday Inns, Inc. to recover damages for injuries alleged to have been sustained while he was work-

ing on the construction of the Holiday Inn in the city of Providence on October 5, 1967. On January 7, 1971, a justice of the Superior Court granted a motion for summary judgment filed by the defendant Holiday Inns, Inc. because that defendant did not prepare the architectural plans, nor did it supervise the construction of the building.

On February 9, 1971, plaintiff filed an amended complaint adding Allen & O'Hara—Joint Venture, hereinafter referred to as Allen & O'Hara, as a defendant. On November 23, 1971, Allen & O'Hara filed a motion for judgment on the pleadings alleging that the action was not commenced against them within the 2-year statute of limitations as provided by the statute in effect on October 5, 1967.[1] The motion of Allen & O'Hara for judgment on the pleadings was granted by a justice of the Superior Court on May 29, 1973. From the judgment thereafter entered, plaintiff has appealed to this court.

The issue presented by plaintiff's appeal is whether the Superior Court justice erred in granting the motion for judgment on the pleadings on the theory that Super. R. Civ. P. 15(c)[2] has no application to the circumstances of the in-

---

[1]The applicable statute of limitations in effect on October 5, 1967, was G. L. 1956 (1969 Reenactment) §9-1-14, which provided:

"9-1-14. Limitation of actions for words spoken or personal injuries.— Actions for words spoken shall be commenced and sued within one (1) year next after the words spoken, and not after. Actions for injuries to the person shall be commenced and sued within two (2) years next after the cause of action shall accrue, and not after."

[2]Super. R. Civ. P. 15(c) reads as follows:

"Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be

stant case. Before Rule 15(c) can be applied there are three requirements which must be met:

> (1) The claim "* * * asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading * * *."
>
> (2) The new party "* * * has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits * * *."
>
> (3) The new party "* * * knew or should have known that but for a mistake the action would have been brought against him."

The parties are in agreement that the claim asserted in the amended complaint arose out of the conduct, transaction. or occurrence set forth in the original complaint. Thus, the sole question before us is whether, as a matter of law, plaintiff has failed to satisfy the second requirement of Rule 15(c) that "* * * within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the *institution of the action* that he would not be prejudiced in maintaining his defense on the merits * * *." (Emphasis added.)

The trial justice based his decision on the ground that Allen & O'Hara had not received, during the period provided by law for commencing an action against it, such notice of the institution of the action that it would not be prejudiced in maintaining its defense on the merits. By his decision, the trial justice impliedly found that Allen & O'Hara's knowledge of the accident and plaintiff's injury was not adequate or sufficient to serve as notification of the institution of the action.

---

brought in by amendment (1) has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that but for a mistake the action would have been brought against him."

The plaintiff points out that Allen & O'Hara and Holiday Inns, Inc. had the same business address and had other business dealings together. He argues that these facts plus the knowledge of the accident and an on-site investigation by Allen & O'Hara within a few days of the accident are sufficient circumstances to support a finding that Allen & O'Hara had received within the period provided by law such notification of the institution of the action that it would not be prejudiced in maintaining its defense on the merits. In other words, plaintiff attempts to equate knowledge of an accident with knowledge of a claim based on such an accident.

In support of such contention plaintiff cites and relies on *Meredith* v. *United Air Lines*, 41 F.R.D. 34 (S.D. Cal. 1966)[3] wherein the court held that where a contractor was required to defend its agent's conduct before an administrative inquiry, the contractor might be added as a defendant in a civil suit under Rule 15(c). In that case, the court was apparently greatly influenced by the fact that the administrative hearing on the conduct of the pilot had provided sufficient notice of the possibility of a civil claim, and found that the defendant's investigation in preparation for the administrative inquiry eliminated any prejudice to the defendant.

In *Craig* v. *United States*, 413 F.2d 854 (9th Cir. 1969), *cert. denied*, 396 U. S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969), a case decided by the Circuit Court for the Ninth Circuit 3 years after *Meredith, supra*, the court held that a complaint would not relate back despite an on-site investigation in connection with another but timely action by the defendant to be added, as Rule 15(c) required notice of the institution of the suit, not merely of the incident giving

---

[3] *Accord, Ames* v. *Vavreck*, 356 F.Supp. 931 (D. Minn. 1973); *White* v. *Lundeberg Md. Seamanship School, Inc.*, 57 F.R.D. 128 (D. Md. 1972); *McDonald* v. *Chrysler Motors Corp.*, 27 F.R.D. 442 (W.D. Pa. 1961).

rise to the suit. *See also Archuleta* v. *Duffy's Inc.,* 471 F.2d 33 (10th Cir. 1973); *Wentz* v. *Alberto Culver Co.,* 294 F.Supp. 1327 (D. Mont. 1969); *Nayer* v. *Robertshaw-Fulton Controls Co.,* 195 F.Supp. 704 (D. Mass. 1961).

We believe the position taken in *Craig* to be sound and interpret Rule 15(c) to require that the defendant sought to be added have knowledge of the institution of the suit, since the term "action" as used in the rule means a lawsuit and not the incident giving rise to the lawsuit. The trial justice consequently did not err in holding that Rule 15(c) has no application under the circumstances, that the amended complaint does not relate back, and that the action against Allen & O'Hara is barred by the statute of limitations.

The plaintiff next argues that the issue was improperly decided by the trial justice on a motion for judgment on the pleadings. Such a motion by a defendant under Rule 12(c) tests the sufficiency of the complaint. *Swanson* v. *Speidel Corp.,* 110 R. I. 335, 293 A.2d 307 (1972). Here on the face of the complaint, the action is barred unless it is shown that the case comes within Rule 15(c). It is the burden of the plaintiff to show that the circumstances place the case within the rule. *Laliberte* v. *Providence Redevelop. Agency,* 109 R. I. 565, 288 A.2d 502 (1972).

The plaintiff was afforded full opportunity through the discovery process to establish the facts necessary to bring the case within Rule 15(c). The record indicates that during 1972, defendant's motion for judgment on the pleadings was continued indefinitely by a Superior Court justice for the purpose of allowing plaintiff to conduct discovery. On September 18, 1972, in Superior Court, plaintiff was given 30 days to propound additional interrogatories in regard to what relationship Allen & O'Hara had with Holiday Inns, Inc. and when Allen & O'Hara received notice of institution of suit.

On November 28, 1972, plaintiff propounded interrogatories to which defendant filed answers on April 26, 1973. The pertinent parts of which are as follows:

Q. "Please state the date on which you became aware that a law suit had been commenced against Holiday Inns and/or Campanella Corporation and/or B. T. Equipment Company for injuries sustained at the job site on October 5, 1967."

A. "On January 20, 1971 the date of service upon Allen & O'Hara, Inc., formerly Allen Brothers and O'Hara, Inc."

Q. "Please state the manner in which you received notice of the pendency of such a law suit."

A. "Allen & O'Hara, Inc., formerly Allen Brothers and O'Hara, Inc., received notice of the pendency of this suit by service of legal process upon its statutory agent Joseph E. Adelson, Esq., Providence, Rhode Island on January 20, 1971."

It is clear that the trial justice carefully considered the plaintiff's interrogatories and the defendant's answers and found that sufficient facts had not been established to bring the case within Rule 15(c). The plaintiff failed to sustain the burden of proof necessary to bring the case within Rule 15(c). *Laliberte* v. *Providence Redevelop. Agency, supra.* The complaint therefore fails to state a claim upon which relief may be granted, and the trial justice was correct in granting the defendant's motion for judgment on the pleadings.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Matthew F. Callaghan, Jr., John F. Cuzzone, Jr.,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Michael DeFanti,* for defendants.