Robert M. Burke, Heineke, Burke & Healy, John Mack, Holstein & Mack, Chicago, Ill., for defendants.

**Patricia A. COOK, Mother and Next Friend of David Cook, Brian Cook and Johathan Cook, Minors, Plaintiffs,**

v.

**Joe STARLING, d/b/a Joe's Place, the Benevolent Protectorate Order of Elks, Lodge No. 702, a not-for-profit corporation, Defendants.**

No. 83 C 5857.

United States District Court,
N.D. Illinois, E.D.

July 11, 1984.

ORDER

ASPEN, District Judge.

Defendant Bledsoe-Starling Company's motion to dismiss on the grounds that this action is barred by the statute of limitations is granted.

On August 23, 1983, plaintiff Patricia A. Cook filed a complaint against defendant Joe Starling individually pursuant to Ill. Rev.Stat. ch. 43, § 135 ("the Dram Shop Act"). The complaint is based on events which occurred on August 24, 1982. Joe Starling was served with process on September 9, 1983. On February 24, 1984, Cook amended her complaint to include a new defendant, Bledsoe-Starling Company. Bledsoe-Starling presently seeks to have the complaint dismissed on the basis that the action has not been commenced against them within the one year limitations period in the Dram Shop Act.

In order for this action to be maintained as timely, the amendment adding Bledsoe-Starling must "relate back" to the time the complaint was filed pursuant to Fed.R. Civ.P. 15(c). Although diversity of citizenship jurisdiction is asserted pursuant to 28 U.S.C. § 1332, "relation back" is deemed procedural and therefore governed by the Fed.R.Civ.P. *Welch v. Louisiana Power & Light Company*, 466 F.2d 1344, 1345 (5th Cir.1972); *see also Simmons v. Fenton*, 480 F.2d 133 (7th Cir.1973).

Rule 15(c) provides in part:

an amendment changing the party against whom a claim is asserted relates back if ... *within the period provided by law for commencing an action against him*, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits (emphasis added).

The term "the period provided by for commencing an action" has been interpreted in the Seventh Circuit to mean the applicable statute of limitations period. *Hughes v. United States*, 701 F.2d 56, 58–59 (7th Cir. 1982); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir.1981); *Simmons v. Fenton*, 480 F.2d at 136–137. Therefore, for this suit to be maintained as timely, Bledsoe-Starling had to have had knowledge of the pendency of the suit within the one year limitations period. Bledsoe-Starling was not aware of the suit against it until the complaint was amended on February 28, 1984. Service of process on Joe Starling might have fulfilled the notice requirement of Rule 15(c) because he is the president and registered agent of Bledsoe-Starling corporation. Fed.R.Civ.P. 4(d)(3). Process was not served upon him, however, until September 9, 1983, more than one year after the events complained of occurred.

As we have previously observed,

strict enforcement of statutes of limitation may occasionally result in hardship to some plaintiffs, but it must be remembered that the statutes are designed to protect defendants from the burden of defending against state claims regardless of the eventual liability ... "Consequently, the operation of statutes of limitation was intended to be somewhat mechanical and ordinarily unrelated to the merits of the litigation." Accordingly, this Court must enforce the clear letter of Rule 15(c) ...

*Stewart v. United States*, 503 F.Supp. 59, 62 (N.D.Ill.1980), quoting *Steele v. United States*, 599 F.2d 823, 828–29 (7th Cir.1979).

Accordingly, Bledsoe-Starling's motion to dismiss is granted. It is so ordered.