Angelo **MAIRORISI** et al

v.

**ZONING BOARD OF REVIEW OF the CITY OF PROVIDENCE et al.**

No. 82–451–M.P.

Supreme Court of Rhode Island.

June 5, 1985.

James V. Paolino, Pallozzi Varone Attilli & Paolino, No. Providence, for plaintiffs.

Joseph T. Pari, Manning West Santaniello & Pari, Gerard M. DeCelles, Abedon Michaleson Stanzler & Biener, Providence, for defendants.

## OPINION

SHEA, Justice.

This is a petition for certiorari to review a Superior Court judgment that reversed a decision of the Zoning Board of Review of the City of Providence.

The circumstances of the case are these. On April 23, 1980, the petitioner, Furie Varone (Varone), submitted an application to the Zoning Board of Review of the City of Providence (the board) for a variance and exception from side- and rear-yard requirements to erect an eighteen-by-fourteen-foot addition to an existing garage on his property for purposes of conducting a wholesale-retail candy and tobacco store. Varone's land in question consists of two lots in an R–3 zone located at 177–179 Wallace Street and is designated as lot Nos. 195 and 194 on assessor's plat No. 104 of the city of Providence. The board held a meeting on May 27, 1980, and on June 9, 1980, approved the application. In its decision the board made the following finding and, via resolution No. 4512, granted Varone's application.

"That to deny the applicant the use of this property for a retail-wholesale store for candy and tobacco would be a hardship in view of the fact that he was forced to relocate and after considerable debate pro and con, and weighing the testimony of the applicant and the many objectors, the majority of the members of the Zoning Board of Review grants the applicant the above use as per his request.

"RESOLVED: That the Zoning Board of Review does hereby make a variance and an exception of Sections 43–A, 43–C–4 and 43–C–5 under Sections 91 and 92 of the Zoning Ordinance and does hereby grant the application of Furie Varone substantially in accordance with the plans and plot plans filed with the Board. A copy of said plans and plot plans are hereby made a part of this Resolution and filed with the Director of the Department of Building Inspection."

A building permit was issued on the same day, and by the time the property was inspected by the building inspector on July 9, 1980, the foundation, blocks, and roof had been erected. The structure was fully completed by September 29, 1980.

In the interim plaintiffs filed an appeal with the Superior Court on June 25, 1980, naming only the board as defendant. An answer was filed on July 8, 1980. Thereafter, plaintiffs moved to amend their complaint to add Varone as a party defendant. The plaintiffs' motion was granted on October 23, 1980, after which a third-party complaint and summons were served. Varone filed an answer on November 3, 1980, setting forth as an affirmative defense that the appeal was time-barred under the provisions of G.L.1956 (1980 Reenactment) § 45–24–20, which states in part:

"Any person or persons jointly or severally aggrieved by a decision of the zoning board may appeal to the superior court for the county in which the municipality is situated by filing a complaint setting forth the reasons of appeal within

twenty (20) days after such decision has been filed in the office of the zoning board."

The appeal was heard and a decision rendered on September 28, 1982, reversing the action of the board.

The Superior Court addressed itself solely to the issue of whether the variance from the permitted uses in an R–3 zone was properly or improperly granted. The trial justice found that the facts on the record did not present the kind of hardship contemplated as justifying a variance. He further found that the determination of hardship is dependent upon the use to which the property may be put and not the use to which the property owner would like to see it put. Finding that there was no testimony in the record that the property could not be used for some other purpose within the restrictions of the R–3 permitted uses, the court thereupon reversed the decision of the board. On March 24, 1983, this court granted Varone's petition for writ of certiorari.

The issue as framed in the petition is whether competent legal evidence exists in the record to support the Superior Court's decision. More fundamental questions remain, however, that were not addressed below. They are the timeliness of the appeal as it applies to Varone and the question of whether he was prejudiced by the lack of notice.

Varone's major contention is that he was not notified of the appeal within the time frame mandated in § 45–24–20 and that service of process on him did not occur until October 16, 1980, some three and one-half months after the expiration of the appeal period. He directs our attention to the language of § 45–24–20 requiring that

"[w]hen the complaint filed by someone other than the original applicant or appellant, *such original applicant or appellant and the members of the zoning board* shall be made parties to such proceedings." (Emphasis added.)

The plaintiffs' failure to notify him of the appeal or to join him as a party, Varone argues, estops them from asserting any claim against him; moreover, in reliance on the building permit, he expended large sums of money to build the addition and had no notice of the appeal until the alterations to the building were completed.

To this argument plaintiffs counter with the savings clause contained in Rule 15(c) of the Superior Court Rules of Civil Procedure, providing for relation back of amendments.[1] Rule 15(c) provides that

"[w]henever the claim of defense asserted in the amended pleading *arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,* the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) *has received such notice of the institution of the action that he would not be prejudiced in maintaining his defense on the merits,* and (2) *knew or should have known that but for a mistake the action would have been brought against him."* (Emphasis added.)

Applying this rule would result in the relation back of the amended complaint served on October 16, 1980, to June 25, 1980, the date on which the original complaint was timely filed. However, to do so would impute notice to Varone that he possibly did not have. If that is the case, it would run counter to the final requirement in Rule 15(c) that he "knew or should have known."

Because of the seriousness of this question and the necessity of resolution, we do

1. It is doubtful that Super.R.Civ.P. 15(c) is applicable to a zoning appeal in which the court is acting in an appellate capacity. However, for purposes of this case, we will decide the matter as though it had applicability.

not deem it proper at this time to pass on the merits of the case or to decide whether the trial justice applied the proper standard of review as enunciated by this court in *DeStefano v. Zoning Board of Review of Warwick*, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979) (citing *Apostolou v. Genovesi*, 120 R.I. 501, 502, 388 A.2d 821, 824–25 (1978), requiring that the entire record be examined to determine whether "substantial" evidence exists to support the board's findings).

In such circumstances, we believe that a remand to the Superior Court for an evidentiary hearing is appropriate, at which Varone should be permitted to present evidence on the issue of prejudice and on the question of whether the plaintiffs are estopped from complaining against him after the expiration of the appeal period. *See Dalessio v. B.T. Equipment Co.*, 114 R.I. 524, 336 A.2d 563 (1975); *Caran v. Freda*, 108 R.I. 748, 279 A.2d 405 (1971).

For the reasons stated, the petition for certiorari is granted, the judgment of the Superior Court is quashed, and the papers of the case are remanded to the Superior Court for an evidentiary hearing on the above issues and entry of judgment following decision of the trial justice.

BEVILACQUA, C.J., did not participate.