Michael WESTFIELD, Plaintiff,

v.

RHODES–PERDUE FURNITURE COMPANY OF GREENSBORO, NORTH CAROLINA, INC., Defendant.

No. C–C–85–492–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 18, 1985.

Michael Westfield, pro se.

H. Landis Wade, Jr., Helms, Mulliss & Johnston, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Motion of Defendant to dismiss this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

On May 2, 1985, Plaintiff received his Notice of Right to Sue from the EEOC in order to bring an action in federal court for employment discrimination within 90 days. Eighty-eight days later, on July 29, 1985, the Plaintiff filed an application to proceed *in forma pauperis* which was approved on August 15, 1985. Plaintiff's Complaint which was attached to his *pauper* application was, therefore, treated as being filed on that same date. The Complaint alleged that Plaintiff was discharged from employment by Defendant on account of his race in violation of Title VII of the Civil Rights Act of 1964. The Defendant named in Plaintiff's Complaint is Rhodes-Perdue Furniture Company of Greensboro, North Carolina, Inc. However, Plaintiff apparently attempted to effect service of process through the United States Marshal Service and by certified mail on August 26, 1985

upon Rhodes, Inc., a Georgia corporation with an office in Charlotte, North Carolina.

Rhodes, Inc. filed with this Court a Motion to dismiss on September 20, 1985. Plaintiff filed a Motion for extension of time in which to respond to the Motion for dismissal on October 3, 1985 and the Court granted the same on October 17, 1985, requiring Plaintiff's response by November 5, 1985. The Plaintiff has failed to do so.

A copy of the Summons and Complaint was delivered to 6191 East Independence Boulevard, Charlotte, North Carolina and received by Judith A. Dickson at that address on August 26, 1985. Dickson's affidavit, attached to Memorandum of Rhodes, Inc. in support of its Motion to dismiss, states that although she received a copy of the Summons and Complaint, she is not an officer or a managing or general agent of the Defendant named in this action nor is she authorized to receive service of process for such Defendant, or for Rhodes, Inc.

Further, Jack Roush, an officer of Rhodes, Inc., stated in a filed affidavit that the Plaintiff was not an employee of the named Defendant, but was an employee of Rhodes, Inc. during the relevant time period complained of. In fact, it appears that the Plaintiff has inadvertently or carelessly named Rhodes-Purdue as Defendant in this action; there is no indication that such an entity even exists.

Rhodes, Inc. states as grounds for its Motion to dismiss that Plaintiff's service of process is incomplete and ineffective under Fed.R.Civ.P. 4; and, that even if the Court treats the Complaint as amended to properly name Rhodes, Inc. as the Defendant instead of Rhodes-Purdue, then the action should still be dismissed because the Plaintiff failed to effect sufficient notice of its suit until after the applicable statute of limitations period had expired.

In fairness to the Plaintiff, the Court *sua sponte*, shall consider the Complaint and pleadings amended to substitute Rhodes, Inc., for Rhodes-Purdue Furniture Company of Greensboro, North Carolina, Inc., *if* the forthcoming rules of law permit such an application.

With respect to whether service was effective against Rhodes, Inc., the Court focuses on the applicable statute. Rule 4(d)(1) of the Federal Rules of Civil Procedure states that service of process upon a domestic or foreign corporation shall be made

... by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

■ Under Rule 4, Plaintiff's service of process is technically incomplete and ineffective against Rhodes, Inc., because it was not received by an authorized officer or agent.

■ However, the Court is of the opinion that since Rhodes, Inc., was made aware that it was being sued for employment discrimination by a former employee, and since Plaintiff is proceeding *in forma pauperis,* then the technical noncompliance with Rule 4 should not, by itself, cause a dismissal of the action.

The next issue, however, is a substantive one rather than a mere technical consideration. It concerns the right of Rhodes, Inc., to receive notice of the action within the statute of limitations period and to rely on the same.

Under Title VII of the Civil Rights Act of 1964, an individual must file a civil action within 90 days of receipt of the right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f). However, the United States Supreme Court, in *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), has held that limitations period is subject to equitable tolling.

Rule 15(c), Fed.R.Civ.P., is also relevant to this matter. That section provides in pertinent part that an amendment changing a party defendant relates back if the new party defendant has received notice of

the suit against him "within the period provided by law for commencing the action against him...." Further, the party to be brought in by amendment must "receive such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits."

"The party to be substituted must receive *notice of the action* 'within the period provided by law for commencing the action against him.'" *Simmons v. Fenton*, 480 F.2d 133, 137 (7th Cir.1973) (*quoting Martz v. Miller Brothers Co.*, 244 F.Supp. 246 (D.Del.1965)) (emphasis in original). The court in *Simmons* upheld the trial court's denial of plaintiff's motion to amend because the party sought to be added as defendant had no notice of the suit until after the applicable statute of limitations had run.

As mentioned earlier, Plaintiff received its right-to-sue letter from the EEOC on May 2, 1985. Eighty-eight days later, on July 29, 1985, he filed an application to proceed *in forma pauperis*, and along with it, a Complaint. The Court approved Plaintiff's *pauper* application 17 days later, on August 15, 1985 and treated the Complaint as having likewise been filed on that date. Twenty-six days after the limitations period technically expired, on August 26, 1985, Rhodes, Inc. received notice of the action. The ninety-day limitations period had run, according to the statute, on July 31, 1985. Thus, more than three weeks passed beyond the limitations period before Rhodes, Inc., had notice of the action.

Normally, the Court seeks to apply the principles of equitable tolling of the limitations period where a plaintiff's complaint is late because the plaintiff's application to proceed *in forma pauperis* is under consideration by the Court. *See, Zipes v. Trans World Airlines, supra.* However, the important word here is "equitable," and the equitable tolling exception to the 90-day limitations period is a narrow one. *See, Smith v. American President Lines*, 571 F.2d 102 (2d Cir.1978). Where the delay for filing was due solely to circumstances beyond the plaintiff's control, and it ap-

pears that the other party will not be unfairly prejudiced, and where it appears that the plaintiff has otherwise been diligent in pursuing his rights, then the court is inclined to find equitable grounds exist for tolling the limitations period.

■ In the instant case, however, the interests of equity would not be served by treating the limitations period as tolled until August 15, the date the Court approved Plaintiff's application for *pauper* status. First, it cannot be said that the delay in filing the action was due solely to circumstances beyond the Plaintiff's control. Eighty-eight days transpired from the time Plaintiff received his right to sue in federal court within 90 days, until the time he filed his *pauper* application. Even lay persons untrained and inexperienced in matters of the United States Courts can reasonably expect a delay of days and sometimes weeks to occur before attention is directed to them.

Second, to allow Plaintiff to proceed against Rhodes, Inc., where it did not receive notice of a suit against it until 26 days after the normal expiration period had run would result in unfair prejudice. Rhodes, Inc., is entitled to be able to rely on the statute of limitations period enacted by Congress,

Third, in many respects, it is clear to the Court that the Plaintiff has not been diligent in pursuing his rights; to the contrary, Plaintiff appears to have been careless, not only in meeting proper filing dates, in naming the proper party Defendant, in effecting service of process, but more importantly, in Plaintiff's total disregard of this Court's Order, filed October 17, 1985, in which the Court granted Plaintiff's Motion for an extension of time to respond to Defendant's Motion to dismiss for an additional twenty days, up to and including November 5, 1985. That date has long since passed and Plaintiff appears to have abandoned this action inasmuch as he has seen fit to disregard a court order issued for his benefit.

In light of these considerations, the Court is of the opinion that the principles

of equitable tolling should not be applied in this case. Thus, the notice of Plaintiff's suit was received well beyond the applicable limitations period and, therefore, operated outside the requirements of Fed.R. Civ.P. 15(c) to allow Rhodes, Inc., to be substituted as a party Defendant. Further, there is absolutely no evidence that an entity known as Rhodes-Purdue even exists. Consequently, the Court is of the opinion that Defendant's Motion to dismiss should be GRANTED.

IT IS SO ORDERED.