NEW YORK STATE ASSOCIATION OF CAREER SCHOOLS, INC., et al., Plaintiffs,

v.

STATE EDUCATION DEPARTMENT OF THE STATE OF NEW YORK, et al., Defendants.

No. 90 Civ. 5560(RWS).

United States District Court, S.D. New York.

June 18, 1992.

Carl E. Person, New York City, for plaintiffs.

New York State Dept. of Educ., Office of Counsel, Albany, N.Y. (Lizette A. Cantres, Deborah A. Glasbrener, of counsel), for defendants.

## OPINION

SWEET, District Judge.

Plaintiffs New York State Association of Career Schools, NYS Beauty Schools Association, Inc., and certain schools which are members of the two organizations (collectively "NYSACS") have moved pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend their Complaint. The Defendants, the State Education Department of the State of New York, its Commissioner and certain of its officers and employees (collectively "SED"), have opposed the motion and cross-moved for sanctions and attorney's fees. For the reasons set forth below, the Plaintiffs' motion is granted, and the Defendants' motion is denied.

### Prior Proceedings

NYSACS filed its Complaint in this action on August 27, 1990. The Complaint alleged that the recently enacted amendments to § 5001, *et seq.*, of the New York State Education Law violated certain provisions of the United States and New York State Constitutions. On August 31, 1990, NYSACS sought a temporary restraining order barring the enforcement of the amendments when they became effective on October 1, 1990. The temporary restraint was denied, and a preliminary injunction hearing scheduled.

Argument and evidence on the preliminary injunction was taken in September 1990. In an opinion dated October 25, 1990 (the "Opinion"), the Plaintiffs' motion for a preliminary injunction was denied on several grounds. *See* 749 F.Supp. 1264 (S.D.N.Y.1990). The Opinion first found that, to the extent the Complaint sought economic damages, a preliminary injunction was not proper because the Plaintiffs could not establish an irreparable injury. *Id.* at 1271. As for the claims which, if successful, would have entitled the Plaintiffs to injunctive relief, the Opinion found that there was no First Amendment violation, *id.* at 1272; no Fourteenth Amendment Equal Protection Violation, *id.* at 1273–74; no preemption concern; no Sherman Act violation; no Fourth Amendment Violation; and no Fifth Amendment violation, *id.* at 1274 & n. 4.

The Defendants answered the Complaint on October 11, 1990.

The Plaintiffs filed a notice of appeal on November 23, 1990. The appeal was withdrawn by stipulation on January 17, 1991. Since then, the parties have apparently attempted to settle the matter without success.

The Plaintiffs filed the present motion to amend on February 10, 1992. The Defendants filed their cross-motion on April 2, 1992. Oral argument was consolidated and heard on April 22, 1992, and the motions considered submitted as of that date.

### Facts

The underlying facts are set forth in the Opinion. *See* 749 F.Supp. at 1267–71. The proposed complaint apparently seeks to strengthen and better focus the Plaintiffs' First Amendment allegations.

The original Complaint for the most part equated regulating schools with regulating speech. Because such regulation does not per se violate the First Amendment, the Opinion for the most part rejected these claims. The only exception was the extent to which the schools' curricula were subject to regulation. The Opinion found, how-

ever, that the regulations at issue were neutral and that the Plaintiffs' arguments concerning them were directed at the difference between how NYSACS members are regulated and how other schools are regulated, an Equal Protection argument.

The Plaintiffs now desire to broaden their First Amendment claims against the statute and its regulations. It appears that the proposed complaint would allege that the statute and regulations regulate the content of a school's curriculum, that this regulation is done in a discretionary and discriminatory fashion by improperly trained persons, and that the Defendants in the past have impermissibly restrained the Plaintiffs from teaching their intended curricula through arbitrary enforcement.

*Discussion*

Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." The Supreme Court has, however, interpreted Rule 15 to permit such amendments only when the party seeking the amendment (1) has not unduly delayed, (2) is not acting in bad faith or with a dilatory motive, (3) when the opposing party will not be unduly prejudiced by the amendment, and (4) when the amendment is not futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ The proposed complaint represents the Plaintiffs' first attempt to amend their Complaint, and its substance should not be surprising given the outcome of the preliminary injunction hearing. Although the Plaintiffs waited for over a year before making this motion, the Defendants did not make any motion to dismiss or for summary judgement in the meantime. The Plaintiffs therefore have not unduly delayed or prejudiced the Defendants by bringing this motion. *See Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991).

■ The Defendants contend that the proposed complaint would be futile in light of the prior proceedings. An amendment is considered futile if the proposed pleading fails to state a claim or would be subject to

a motion to dismiss on some other basis. *See, e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979); *Freeman v. Marine Midland Bank–New York*, 494 F.2d 1334, 1338 (2d Cir.1974).

The Opinion found that the regulation in question only dealt with a school's curriculum to the extent the law prohibited a § 5001 school from offering the types of courses licensed to § 5002 schools. On this basis, the regulation was held neutral and unrelated to the suppression of ideas and view points. *See* 749 F.Supp. at 1272. In the proposed complaint, the Plaintiffs would allege that a school cannot be licensed until the content of its curriculum is approved, and that one of the criteria employed is that its "content will enable the student to develop those skills and competencies required for employment in the occupational area for which the curriculum was developed". N.Y.Educ.Law § 5002(4)(b)(2) (McKinney Supp.1992); *see* Proposed Complaint ¶ 15.

The Defendants contend that the Complaint alleged that Plaintiffs were challenging "all provisions in the Statute that apply only to proprietary schools and not to competing adult vocational schools," Complaint ¶ 14(f), and that the proposed amendments therefore were within the scope of the Complaint. At oral argument on the preliminary injunction, however, the Defendants argued that the curriculum approval scheme was not challenged by the Complaint and that, if it was, the Complaint should be amended. *See* Tran. 185–86. The Opinion also considered the First Amendment argument to be more of an Equal Protection Argument. *See* 749 F.Supp. at 1272. The proposed amendment is therefore read as an attempt to correct this defect in the original Complaint, and does not appear to be completely futile in light of the prior proceedings.

■ The Defendants also contend that Plaintiffs made this motion in bad faith in an attempt to coerce the Defendants into settling on their terms. It generally is not prudent, however, for a court to make procedural and substantive dispositions based

on settlement discussions between the parties, and the Defendants' harassment contentions do not rise to a level requiring intervention by the Court. The Amended Complaint is therefore allowed, and the claims abandoned by the proposed complaint deemed dismissed with prejudice. Defendants should feel free to make whatever motions they feel are appropriate against the Amended Complaint.

In light of the above, the Defendants' Rule 11 motion is denied, with leave granted to renew at trial or upon the disposition of the case.

*Conclusion*

For the reasons set forth above, the Plaintiffs' motion to amend its Complaint is granted. The Defendants' cross-motion for costs and sanctions is denied, with leave granted to renew at trial or upon the disposition of the case.

It is so ordered.