**Robert Douglas WALTON Sr., Plaintiff,**

v.

**Bernard T. WALDRON, et al., Defendants.**

**No. 91 Civ. 0066 (FJS).**

United States District Court, N.D. New York.

Jan. 11, 1995.

Robert D. Walton, Sr., plaintiff pro se.

## OPINION AND ORDER

BAER, District Judge Southern District of New York.

Chief Judge Thomas J. McAvoy of the United States District Court for the Northern District of New York transferred this case for the disposition of pending motions to the Southern District of New York, by order dated November 5, 1994, due to the backlog in his district caused by a number of judicial vacancies.

## I. Background

Plaintiff *pro se*, Robert D. Walton, Sr., currently a prisoner at the Auburn Correc-

tional Facility in Auburn, New York, brought this suit in 1991 in the Northern District of New York for declaratory and injunctive relief, and damages arising from the alleged deprivation of his civil rights pursuant to 42 U.S.C. section 1983 while incarcerated at the Schenectady County Jail. Plaintiff alleges violations of the First, Sixth, and Fourteenth Amendments to the U.S. Constitution. Defendants were employed by the Schenectady County Sheriff's Office at the times relevant to the events alleged in plaintiff's complaint. Plaintiff was held at the jail from April 10, 1990 to February 28, 1991. Currently at issue in the case are plaintiff's motion to amend his complaint and both sides' cross-motions for summary judgment.

Plaintiff's initial complaint, filed January 16, 1991, was submitted on the Northern District of New York's standard "Form to be Used by a Prisoner in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. Section 1983." The form instructs plaintiffs to "state ... as briefly as possible" the relevant facts, and provides only ten lines of an $8\frac{1}{2}'' \times 11''$ sheet for the plaintiff to provide such facts. The form also indicates that if more space is needed, an "additional sheet" may be attached. On the form, plaintiff indicated that his "legal" mail had been opened, apparently by jail authorities. After complaining that his mail had been opened, plaintiff stated that he was "denied access to legal library, type-writer [sic], and etc." Plaintiff further states that several defendants later "instituted policies to deny plaintiff access to the courts, typewriter and legal materials." Plaintiff's Complaint, Jan. 16, 1991, ¶ II.

Defendants moved for summary judgment on March 29, 1993, pursuant to Federal Rule of Civil Procedure 56(b). Plaintiff then moved for leave to file an amended complaint on April 12, 1993, approximately two weeks after the defendants had moved for summary judgment. Plaintiff also cross-moved for summary judgment on that day. In his motion papers, plaintiff states that the substance of his complaint was and is "the interference with mail, the denial of access to legal materials and the denial of access to the law library." Plaintiff's Affidavit in Support of Rule 15 Motion, Apr. 7, 1993, at 1. In

addition, plaintiff again stated that defendants had "instituted policies to deny [plaintiff] access to the courts, typewriter, and legal materials." *Id.* at 2. Plaintiff asserts that his proposed amended complaint therefore merely reflects "a clear and concise interpretation" of those claims. Plaintiff, however, seeks to add several defendants, which include the County of Schenectady and several corrections officers, as well as unidentified corrections officers indicated as "John Doe" and "Jane Doe," all of whom were allegedly involved in the activity plaintiff complains of. In the "Legal Claims" section of his proposed amended complaint, plaintiff again appears to consistently state his claims as "having been deprived his right to access to the courts [sic], the right to prepare legal documents, law library, and legal materials...." Plaintiff's Proposed Amended Complaint, Apr. 7, 1993, ¶ 24. However, in the "Facts" section of the revised complaint, plaintiff alleges conditions *not* explicitly raised in his initial complaint. Plaintiff writes

On or about the 20th day of April, 1990, plaintiff requested access to the law library located on the third floor of the Schenectady County jail, upon entering and reviewing the content of the legal library plaintiff discovered that the library contained inadequate and outdated law books, no legal materials, and missing volumes of McKinney's Criminal and Civil Procedure. When plaintiff confronted the staff at Schenectady County jail and defendant RAYMOND YOUNG he was given evasive answers and his complaints were completely ignored.

*Id.* at 3. Plaintiff thus complains about the *inadequacy* of the jail's law library, something that was not evident in his initial complaint and something that defendants accordingly did not address in their Motion for Summary Judgment.

## II. Standard for Allowing Amended Complaints

 Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). As a matter of law, justice requires leave to amend when the moving party has demonstrated "at least col-

orable grounds" for the proposed amendment. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building 1 Hous. Dev. Fund Co.,* 608 F.2d 28, 42 (2d Cir.1979); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 734 F.Supp. 1071, 1078 (S.D.N.Y.1990). Amendments are favored as a general matter, in order to facilitate "judgment on the merits." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *McAllister Bros., Inc. v. Ocean Marine Indem. Co.,* 742 F.Supp. 70, 80 (S.D.N.Y.1989). Absent a showing of undue prejudice or bad faith, amendments are generally allowed. *Litton Indus.,* 734 F.Supp. at 1078. Indeed, unless there is a good reason to deny a motion to amend, failure to grant it is an abuse of discretion. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *McAllister Bros.,* 742 F.Supp. at 80.

### A) Application to the Instant Case

■ In opposing plaintiff's Rule 15 motion, defendants state, in part, that "rule 15 is not about fabricating new claims to avoid summary judgment" and that the defendants' summary judgment motion "g[ave] plaintiff cause to rethink the weakness of his Complaint." Defendants' Aff. in Opp. to Rule 15 Motion, Apr. 15, 1993, at 2. It is true that the Second Circuit looks disfavorably upon Rule 15 motions made after all discovery has been completed and a summary judgment motion has been submitted. *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985). In such situations, prejudice to the adversary is likely. However, in this case, very little discovery has taken place. Indeed, the record reveals discovery disputes between the parties, some of which have been addressed by Magistrate Judge Gustave J. Bianco, which have resulted in insignificant discovery. In one order, Magistrate Judge Bianco described a chain of events that seemed to buttress plaintiff's assertion that the defendants' "summary judgment motion ... is premature and an attempt to delay or avoid responding to his discovery demands." *Walton v. Waldron,* 91–CV–0066 (N.D.N.Y. Nov. 20, 1992).[1] However, the mere fact that a summary

judgment motion has been filed can cause the opponent sufficient prejudice so as to warrant denying the motion to amend, regardless of the amount of discovery completed. *New York State Ass'n of Career Sch., Inc. v. State Educ. Dep't,* 142 F.R.D. 403, 405 (S.D.N.Y.1992).

■ If the Rule 15 motion were granted, defendants would appear to be prejudiced in that they would have to respond to a seemingly new claim; whereas their summary judgment motion primarily addressed claims of opening mail and *denying access* to the law library, the proposed amended complaint would now require them to respond to the allegation that the law library was *constitutionally inadequate. See Griffin v. Coughlin,* 743 F.Supp. 1006, 1022 (N.D.N.Y.1990) (explaining that where allegation of inadequate jail law library facilities is made, plaintiff need not allege any injury, and "the burden shifts to the defendants to prove that they either provide plaintiffs with an adequate law library or with adequate assistance from persons trained in the law"); *see also Howard v. Leonardo,* 845 F.Supp. 943, 946 (N.D.N.Y.1994). In the instant case, however, it appears that the defendants had some notice that the plaintiff's action involved the inadequacy of the law library long before his Rule 15 motion and submission of the proposed amended complaint. Plaintiff's initial complaint did allege the denial of "access to the courts," which right, as explained by the United States Supreme Court in *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (footnote omitted), requires the provision of "adequate law libraries or adequate assistance from persons trained in the law." However, the context in which plaintiff used this term—defendants "instituted policies to deny plaintiff access to the courts"—is not consistent with the statement in the proposed amended complaint in which plaintiff essentially states that the law library was inadequate in the first instance due to the absence of certain items and without regard to the "institut[ion]" of new "policies."

---

1. That summary judgment motion was dismissed without prejudice due to defendants' failure to comply with a local rule of procedure. *Walton v. Waldron,* 91–CV–0066 (N.D.N.Y. Nov. 20, 1992).

Nevertheless, several circumstances should have put the defendants on notice that adequacy of the law library was one of the items plaintiff was complaining of, especially when one notes, as detailed above, the small space within which prisoners are instructed to state all the facts of their cases. In plaintiff's Request for Interrogatories, dated November 4, 1991, plaintiff plainly states in reference to the Schenectady County Jail law library, "Identify the books available...." Plaintiff's Interr., Nov. 4, 1991, ¶ 12. In addition, in plaintiff's second set of interrogatories, dated December 9, 1992, he wrote, "State whether the legal library maintained at the Schenectady County Jail met with the Minimum Standard Requirements mandated by Title 7 of the Executive Law of the State of New York, during the period of May, 1989 and Janurary [sic], 1991," Plaintiff's Interr., Dec. 9, 1992, ¶ A, and "State whether plaintiff had an interview with the Chief Librarian employed at the Schenectady County Courthouse during his incarceration regarding the inadequate legal facilities at the Schenectady County Jail," id. ¶ E. Indeed, defendants submitted, as part of their motion for summary judgment, an affidavit of defendant Judith Eldred, in which she details the many grievances that plaintiff filed against the Schenectady County Jail and explains how they were all found meritless under the available review system. Aff. of Judith Eldred, Mar. 24, 1993. Defendants apparently do so as a means of showing that plaintiff's lawsuit is likewise meritless. One such grievance, which is attached as Exhibit C to the Affidavit, involved plaintiff's allegations that the jail law library has inadequate materials. Thus, right in its summary judgment motion, defendants implicitly acknowledge that adequacy of the library is one of the items that plaintiff was concerned with in his action. As such, even if the defendants felt plaintiff had failed to properly plead the adequacy issue in his original complaint, they were "doubtless aware of the likelihood of this amendment," especially in light of his subsequent interrogatories. *Jenn–Air Prods. Co. v. Penn Ventilator, Inc.*, 283 F.Supp. 591, 594 (E.D.Pa.1968).

Given that little discovery has taken place and that defendants had notice long before the Rule 15 motion of plaintiff's allegations concerning the adequacy of the law library, I find that defendants would not be prejudiced by my granting the motion. Moreover, as explained by the *Jenn–Air Products* court, "if plaintiff's motion were denied here a separate action against the defendant[s] could be instituted, and, in the absence of creating undue complications at trial, it is clearly preferable to dispose of all the contentions between these parties in one proceeding." *Id.*[2] Plaintiff's Rule 15 motion is therefore granted, and defendants have 30 days from the date of entry of this order to file their responsive pleading to the amended complaint insofar as it relates to the adequacy of the Schenectady County Jail law library.

Plaintiff is further permitted to amend his complaint by adding the parties he names as additional defendants. All of the proposed parties were allegedly involved in the activities complained of, and all had at least informally received notice of the suit through the County of Schenectady's attorneys who would ultimately be representing all defendants. *Williams v. Ward*, 553 F.Supp. 1024 (W.D.N.Y.1983); *Tauss v. Rizzo*, 361 F.Supp. 1196 (E.D.Pa.1973).

I now turn to the claims that were explicitly stated in plaintiff's initial complaint and addressed in the cross-motions for summary judgment. Plaintiff primarily alleges that his mail was tampered with and that he was denied access to the law library and adequate use of a typewriter, in violation of his constitutional right of access to the courts. Defendants respond that plaintiff was given all legal materials he requested and that there were two typewriters available for use in the law library. The Schenectady County Jail's records indicate that during plaintiff's stay at the facility, he logged 990 hours in the law library, although plaintiff states that much of that time was spent performing services for other inmates as the jail "clerk." With respect to the claims of mail tampering, defen-

---

**2.** This would require that the statute of limitations be tolled since the time plaintiff made his Rule 15 Motion and submitted his proposed amended complaint.

dants argue that, as a matter of law, the fact that plaintiff's mail may have been opened outside his presence does not constitute an actionable claim absent a showing of harm.

### III. Standard for Summary Judgment Motions

Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment where the evidence shows that "there is no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "Summary Judgment is properly regarded ... as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam); *Donahue v. Windsor Locks Bd. of Fire Comm'rs.*, 834 F.2d 54, 57 (2d Cir.1987). An issue of credibility is insufficient to preclude the granting of a motion for summary judgment. Neither side can rely on conclusory allegations or statements in affidavits. The disputed issues of fact must be supported by evidence that would allow a "rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Factual disputes that are irrelevant to the disposition of the suit under governing law will also not preclude entry of summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

### A) Application to the Instant Case

Plaintiff's allegations are not actionable, as they do not constitute deprivations of plaintiff's constitutional right of access to the courts. The controlling case on access to the courts is *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The *Bounds* Court held that prison inmates have

a constitutional right of access to the courts that requires prison officials to assist inmates "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828, 97 S.Ct. at 1498. Plaintiff, as a matter of law, does not have the constitutional right to use of a typewriter as part of this right of access to the courts. *Wolfish v. Levi*, 573 F.2d 118, 129 (2d Cir.1978), *rev'd on other grounds*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989); *Howard v. Leonardo*, 845 F.Supp. 943, 946 (N.D.N.Y. 1994). Thus, as a matter of law, plaintiff's claim must fail. Defendants' motion for summary judgment on this issue is therefore granted, while plaintiff's cross-motion is denied.

Plaintiff's complaint further alleges that his "legal" mail was opened outside his presence, apparently by jail authorities. Plaintiff does not indicate how, if at all, he was harmed by this alleged action of defendants. Existing precedent on an inmate's claim that his "legal" mail has been improperly handled by prison officials requires a showing of harm before relief may be granted. *Morgan v. Montanye*, 516 F.2d 1367 (2d Cir.1975); *Sostre v. McGinnis*, 442 F.2d 178 (2d Cir.1971). Further, in accordance with the summary judgment standard, it is not enough for the non-moving party to rest on conclusory statements to survive a summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Here, plaintiff has not made the requisite showing of harm to entitle him to judgment on this claim. Therefore, defendants are entitled to summary judgment on plaintiff's claim of improper handling of mail, while plaintiff's motion for summary judgment is denied.

With regard to the claim that defendants interfered with plaintiff's right of access to the courts by denying him admission to the jail law library, a showing of harm is also required. *Griffin v. Coughlin*, 743 F.Supp. 1006, 1022 (N.D.N.Y.1990). Plaintiff disputes the findings of the grievance committee that he was provided with all the legal

materials he requested. However, in so doing, plaintiff simply states in a conclusory manner that he had encountered difficulty in getting updated case cites. Plaintiff's broad, conclusory statement, without more, is certainly not enough to entitle him to judgment as a matter of law. *Matsushita Elec. Indus.,* 475 U.S. at 587, 106 S.Ct. at 1356 (1986) (stating the disputed issues of fact must be supported by evidence "that would allow a rational trier of fact to find for the nonmoving party"). Further, the fact that plaintiff has not made the requisite showing of harm means this claim must also fail as a matter of law. For example, plaintiff fails to state how defendants' alleged hindrance of his access to the law library affected the outcome of the state proceeding in which he was convicted. Defendants' motion for summary judgment on this issue is therefore also granted and the plaintiff's motion denied.

## IV. Conclusion

There being no triable issues of material fact as to plaintiff's claims and defendants being entitled to judgment as a matter of law, it is hereby

ORDERED that Defendants be granted summary judgment as to plaintiff's claims that he was denied the use of a typewriter, that he was denied use of the law library, and that his "legal" mail was opened outside his presence; accordingly, plaintiff's motion for summary judgment on those points is denied;

ORDERED that Plaintiff's Rule 15 motion to amend his complaint is granted; and it is further

ORDERED that Defendants file their responsive pleading to the amended complaint insofar as it relates to plaintiff's claim of inadequacy concerning the Schenectady County Jail law library within 30 days of the entry of this Order.

**SO ORDERED.**